ORIGINAL

FILED
NOV 29 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ROBERTO GAGLIARDI AND
MARIA L. GAGLIARDI

v.

THE UNITED STATES OF AMERICA

NO. 06-799T

COMPLAINT

The plaintiffs, ROBERTO GAGLIARDI and MARIA L. GAGLIARDI, complain of the defendant, United States of America, as follows:

PARTIES

1. The Plaintiffs are individuals residing at 102 Fourth Street, Wood-Ridge, New Jersey 07075 . Plaintiff Roberto Gagliardi's social security number is 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. Plaintiff Maria L. Gagliardi's social security number is 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.

2. The Defendant is the United States of America.

JURISDICTION

3. This is a suit seeking a refund of penalties paid on federal personal income taxes for the years 2000 and 2001. Said action for refund arises under 28 U.S.C. § 1491.

VENUE

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1491.

**COUNT ONE**

5. Claims for refund of penalties paid for income tax related to the years 2000 (in the amount of $13,437.75) and 2001 (in the amount of $4,305.00) were filed with the Internal Revenue Service ("IRS") on September 10, 2004.

6. The claims for refund were disallowed in full by the Internal Revenue Service on June 1, 2005. A true copy of the denial letter is attached as Exhibit A.

7. An Appeal of the Disallowance of the Claim for Refund and Abatement of Penalty for income tax for the tax years 2000 and 2001 dated July 1, 2005 was filed by Plaintiffs with the Internal Revenue Service.

8. In a letter dated December 9, 2004, the Internal Revenue Service disallowed the appeal of the claims for refund in full. A true copy is attached as Exhibit B.

9. The civil fraud penalties were assessed by the Internal Revenue Service on August 16, 2004 after the Plaintiffs' accountant, Lawrence B. Goodman, C.P.A. ("CPA") signed the audit report agreeing to deficiencies and the fraud penalties for the years 2000 and 2001.

10. Plaintiffs did not commit fraud and had no intention to evade taxes; therefore, they never authorized their

accountant to agree to a fraud penalty.

11. The deficiencies found in the IRS audit were attributable to an additional bank account that held income that was not reported by the CPA on Plaintiffs' tax returns.

12. Plaintiffs gave their accountant access to all their books and records with the understanding that all their income would be properly reported on their tax returns.

13. Plaintiffs never had any intent to evade taxes; they did not hide any income or prepare false records. All of their income and records were provided to the CPA and were available to him.

14. Plaintiffs completely relied on their CPA to take care of their tax matters and he assured them that he was representing them with the IRS.

15. Plaintiffs were not informed that they faced a fraud penalty or that the CPA had not provided all the information to the auditor.

16. Plaintiffs felt blindsided and shocked when they found out the CPA had agreed to a fraud penalty because they had done nothing wrong.

17. Plaintiffs were out of the country during the month of August, 2004 and were not aware that the CPA was agreeing to a fraud penalty.

18. Plaintiffs object to the fraud penalty as they did not have the intent to evade taxes.

19. Plaintiffs have paid all taxes, penalties and interest to the IRS for both years 2000 and 2001; however, they have pursued all means to object to the fraud penalties.

20. Although Plaintiffs provided all books and records to the CPA that were necessary to report all income, the CPA failed to include the income on the tax returns and failed to ask Plaintiffs about the account.

21. The CPA also did not provide the information to the Internal Revenue Service when requested by the auditor. The CPA told the auditors that he knew nothing about the additional bank account although he had all the information in his possession.

22. As soon as the CPA told the IRS auditors that he did not have knowledge of the income from another bank account, the IRS should have recognized that there was a conflict of interest and the CPA could no longer represent the Plaintiffs.

23. There is no evidence to show that Plaintiffs intentionally withheld information about any bank accounts from their CPA or that they attempted to evade taxes.

24. Knowing that all information was provided to their accountant and having a long family history with the CPA, Plaintiffs had completely relied on the CPA to handle the Internal Revenue Service audit of years 2000 and 2001 for them.

25. In fact, the CPA continually assured them that he was taking care of the audit issues but he never went back to them to ask them about the "additional" bank account.

26. The Internal Revenue Service has the burden of proof under 26 U.S.C. 6663(b) and 26 U.S.C. 7454(a) to establish fraud by clear and convincing evidence.

27. The IRS has failed to show that Plaintiffs committed fraud by intentionally taking actions to evade taxes, such as concealing income or creating false records.

28. The Internal Revenue Service has failed to satisfy their burden of proof and establish by clear and convincing evidence that Plaintiffs had the intent to evade taxes.

29. This action is brought within the two-year time period provided in 26 U.S.C. § 6532(a).

WHEREFORE, we demand that this Court grant Plaintiffs the following:

1. Judgment against the United States for refund to

Plaintiffs of taxes for fraud penalties for the year 2000 in the amount of $13,437.75;

2. That the United States allow the amount of $13,437.75 to be refunded to Plaintiffs for the 2000 tax year;

3. Judgment against the United States for refund to Plaintiffs of taxes for fraud penalties for the year 2001 in the amount of $4,305.00;

4. That the United States allow the amount of $4,305.00 to be refunded to Plaintiffs for the 2001 tax year;

5. Such other and further relief as the Court deems just.

Date: 11/28/2006 By: Frank Agostino

Frank Agostino, Esq.
Attorneys for Plaintiffs Roberto Gagliardi and Maria L. Gagliardi

Calo Agostino, A Professional Corp.
14 Washington Place
Hackensack, NJ 07601
Telephone: (201) 488-5400
Fax: (201) 488-5855
e-mail: fagostino@caloagostino.com

# EXHIBIT A

IRS Department of the Treasury
Internal Revenue Service

PHILADELPHIA PA 19255-0025

7106879693248O187309

In reply refer to: 0546729930
June 01, 2005 LTR 105C
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 200012 30 000 1
02860
BODC: SB

ROBERTO & MARIA GAGLIARDI
% FRANK AGOSTINO ESQ
14 WASHINGTON PL
HACKENSACK NJ 07601-7008

CERTIFIED MAIL

Taxpayer Identification Number: 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
Kind of Tax: Individual Income
Date of Claim(s) Received: Sep. 14, 2004
Tax Period : Dec. 31, 2000

WE COULDN'T ALLOW YOUR CLAIM

Dear Taxpayer:

WHY WE'RE SENDING YOU THIS LETTER
This letter is your notice that we've disallowed your claim for credit for the period shown above.

WHY WE CANNOT ALLOW YOUR CLAIM
Reasonable cause does not apply to fraud.

IF YOU DISAGREE

You may appeal our decision with the Appeals Office (which is independent of our office) if we disallowed your claim because our records show that you filed your claim late. Generally, a claim is late if you filed it the later of:

- 3 years from the return due date of a timely filed, unextended return
- 3 years from the date we received a late return or a timely filed, extended return
- 2 years after you paid the tax

In addition, the amount of any credit or refund for a claim filed within three years of the tax return is limited to amounts paid within the three years before filing the claim plus the period of any extension of time granted for filing the tax return. Similarly, the amount of a claim filed within the two-year period is limited to the amount paid within the two years before filing the claim. The Appeals Office cannot change the amount of time the law allows you to file a claim for refund or credit.

If you decide to appeal our decision, you should provide us with an

0546729930
June 01, 2005 LTR 105C
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 200012 30 000 1
02861

ROBERTO & MARIA GAGLIARDI
% FRANK AGOSTINO ESQ
14 WASHINGTON PL
HACKENSACK NJ 07601-7008

explanation of why you consider your claim was filed on time; for example, you had an extension of time to file your original tax return. We will consider your explanation before forwarding your request to the Appeals Office.

Note: reasonable cause or similar explanations that may provide an excuse for relief from a penalty for the late filing of a tax return cannot change the time limitations for filing a claim set by law. Please review Publication 556, Examination of Returns, Appeals Rights, and Claims for Refund, to see if you qualify for an exception provided by law; for example, you were "financially disabled," you were serving in a combat zone, or your claim involves an item that has a filing period in excess of the general three-year period.

You have the right to appeal our decision to disallow your claim. You may represent yourself before Appeals. You may have an attorney, certified public accountant, or person enrolled to practice before the Internal Revenue Service represent you. To have someone represent you, attach Form 2848, Power of Attorney and Declaration of Representative, (or similar written power of attorney) to your written statement.

You may request a small dollar case appeal for a disallowed claim that is less than $25,000 or prepare a formal protest for a disallowed claim over $25,000.

To request a small dollar case appeal for a claim, do the following:

1. State that you want to appeal.
2. List the disallowed items you disagree with and why you don't agree with each item.
3. Provide your name, address, taxpayer identification number, daytime telephone number, and a copy of this letter.
4. Mail your appeal request to the address shown on this letter.

To prepare a formal protest, do the following:

1. Prepare a written statement that you want to appeal the disallowance to the Appeals Office.
2. Provide your name, address, taxpayer identification number, a daytime telephone number, and a copy of this letter. Show the tax periods or years and disallowed items you disagree with and why you don't agree with each item.
3. Include a detailed statement of facts with names, amounts, locations, etc. to support your reasons for disputing the disallowance.
4. If you know the particular law or authority that supports

0546729930
June 01, 2005 LTR 105C
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 200012 30 000 1
02862

ROBERTO & MARIA GAGLIARDI
% FRANK AGOSTINO ESQ
14 WASHINGTON PL
HACKENSACK NJ 07601-7008

your position, you should inform us of that law or authority. Please include a legal citation to assist in the appeals process that supports your claim, if applicable.

5. Sign the statement below and include it with your written appeal. If your authorized representative prepares the request for an appeal, he/she must sign the statement and include it with the appeal.
6. Mail your written formal protest to the address shown on this letter.

STATEMENT BY INDIVIDUALS OR SOLE PROPRIETORS

"Under penalties of perjury, I declare that the facts present on my written appeal are, to the best of my knowledge and belief, true, correct, and complete."

_______________________________ _______________
Signature Date

_______________________________ _______________
Spouse's Signature, if a Joint Return Date

STATEMENT BY ENROLLED AGENT

"Under penalty of perjury, I declare that I prepared the written statement and accompanying documents. I know personally that the protest and accompanying documents are true and correct."

_______________________________ _______________ _______________
Signature of Agent Enrollment Number Date

If you do not agree with our decision, you may file suit to recover tax, penalties, or other amounts, with the United States District Court having jurisdiction or with the United States Claims Court. These courts are part of the judiciary branch of the federal government and have no connection with the Internal Revenue Service.

The law permits you to do this within 2 years from the date of this letter. If you decide to appeal our decision first, the 2-year period still begins from the date of this letter. However, if you signed an agreement that waived your right to the notice of disallowance (Form 2297), the period for filing suit begins on the date you filed the waiver.

HOW TO CONTACT US

0546729930
June 01, 2005 LTR 105C
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 200012 30 000 1
02863

ROBERTO & MARIA GAGLIARDI
% FRANK AGOSTINO ESQ
14 WASHINGTON PL
HACKENSACK NJ 07601-7008

If you have any questions, please call us toll free at 1-800-829-8374.

If you prefer, you may write to us at the address shown at the top of the first page of this letter.

Whenever you write, please include this letter and, in the spaces below, give us your telephone number with the hours we can reach you. Also, you may want to keep a copy of this letter for your records.

Telephone Number (    )________________________ Hours________________

Sincerely yours,

Nancy J. Aiello

Nancy J. Aiello
A/Field Dir., Accounts Management

Enclosure(s):
Publication 1
Envelope

# EXHIBIT B

IRS Department of the Treasury
Internal Revenue Service

PHILADELPHIA PA 19255-0049

In reply refer to: 0563826998
Dec. 09, 2004 LTR 105C
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 200012 30 000 2
01205
BODC: SB

ROBERTO & MARIA L GAGLIARI
% JULIA F MOORE ESQ
14 WASHINGTON PL
HACKENSACK NJ 07601-7008

CERTIFIED MAIL

| | | |
|---|---|---|
| Taxpayer Identification Number: | 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 | |
| Kind of Tax: | income | |
| Amount of Claim(s): | $ 13,437.75 | 4,305.00 |
| Date Claim(s) Received: | Oct. 12, 2004 | |
| Tax Period(s): | Dec. 31, 2000 | Dec. 31, 2001 |

Dear Taxpayer:

This letter is your legal notice that we have disallowed your claim(s). We can't allow your claim(s) for refund or credit for the period(s) shown above for the reason(s) listed below.

You have failed to submit specific information regarding reasonable cause to abate or reduce the fraud penalty. This appears to be a legal issue between you and your accountants.

If you want to sue to recover tax, penalties, or other amounts, you may file a lawsuit with the United States District Court having jurisdiction or with the United States Court of Federal Claims. These courts are independent bodies and have no connection with the Internal Revenue Service.

The law permits you to do this within 2 years from the mailing date of this letter. If you decide to appeal our decision first, the 2-year period still begins from the mailing date of this letter. However, if you signed an agreement that waived your right to the notice of disallowance (Form 2297), the period for filing a lawsuit began on the date you filed the waiver.

If you have any questions, please call us toll free at 1-800-829-8374.

If you prefer, you may write to us at the address shown at the top of the first page of this letter.

Whenever you write, please include this letter and, in the spaces below, give us your telephone number with the hours we can reach you. Also, you may want to keep a copy of this letter for your records.

0563826998
Dec. 09, 2004 LTR 105C
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 200012 30 000 2
01206

ROBERTO & MARIA L GAGLIARI
% JULIA F MOORE ESQ
14 WASHINGTON PL
HACKENSACK NJ 07601-7008

Telephone Number ( )____________________ Hours________________

Sincerely yours,

JoAnn Ewert

JoAnn Ewert
Examination Operations Manager

Enclosure(s):
Publication 1