IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-799 T

(Judge Christine O.C. Miller)

ROBERTO GAGLIARDI AND MARIA L. GAGLIARDI,

Plaintiffs

v.

THE UNITED STATES,

Defendant

ANSWER

Defendant, the United States, through its attorneys, hereby answers plaintiffs' complaint. Defendant respectfully denies each and every allegation contained therein that is not admitted below.

Defendant further responds as follows:

**COMPLAINT**

With respect to the allegations in the unnumbered paragraph (of p. 1) of the complaint admits the allegations contained therein.

**PARTIES**

1. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in ¶ 1 of the complaint. Admits the allegations in the second and third sentences in ¶ 1 of the complaint.

2. Admits the allegations in ¶ 2 of the complaint.

**JURISDICTION**

3. Admits the allegations in the first sentence of ¶ 3 of the complaint. With respect to the second sentence in ¶ 3 of the complaint, admits only that, if this Court has jurisdiction, it is founded upon 28 U.S.C. § 1491(a)(1).

**VENUE**

4. With respect to the allegations in ¶ 4 of the complaint, admits only that, if this Court has jurisdiction, it is founded upon 28 U.S.C. Section 1491(a)(1).

**COUNT ONE**

5. Admits the allegations in ¶ 5 of the complaint, except avers that the claims for refund were received by the IRS on September 14, 2004, and September 22, 2004.

6. Admits the allegations in the first sentence of ¶ 6 of the complaint, except avers that the claims for refund for both tax years 2000 and 2001 were disallowed by IRS letter dated December 9, 2004; a second IRS letter dated June 1, 2005, disallowed only the claim for refund for the tax year 2000. With respect to the second sentence in ¶ 6, admits that a copy of an IRS letter denying the claim for refund for the tax 2000 is attached to the complaint as Exhibit A.

7. Admits the allegations in ¶ 7 of the complaint, except avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the appeal filed by plaintiff was dated July 1, 2005.

8. Admits the allegations in the first sentence of ¶ 8 of the complaint, except avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of

the allegation that the December 9, 2004, letter disallowed the "appeal of the claims for refund." With respect to the second sentence in ¶ 8, admits that a copy of an IRS letter denying plaintiffs' claims for refund for tax years 2000 and 2001, is attached to the complaint as Exhibit B.

9. Admits the allegations in ¶ 9 of the complaint.

10. Denies the allegations in ¶ 10 of the complaint.

11. Admits the allegations in ¶ 11 of the complaint.

12. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 12 of the complaint.

13. Denies the allegations in the first sentence of ¶ 13 of the complaint, except avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding whether plaintiffs prepared false records. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in ¶ 13 of the complaint.

14-15. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶¶ 14-15 of the complaint.

16. Denies the allegation in ¶ 16 of the complaint that "they had done nothing wrong." Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 16 of the complaint.

17. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 17 of the complaint.

18. Admits the allegation in ¶ 18 of the complaint that plaintiffs object to the fraud penalty. Denies the remaining allegations in ¶ 18 of the complaint.

19. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegation in ¶ 19 of the complaint that "they have pursued all means to object to the fraud penalties." Admits the remaining allegations in ¶19 of the complaint.

20. Admits the allegation in ¶ 20 of the complaint that the tax returns [for the 2000 and 2001 tax years ] failed to include all income. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 20 of the complaint.

21. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in ¶ 21 of the complaint. Admits the allegation in the second sentence in ¶ 21 of the complaint that the "CPA told auditors that he knew nothing about the additional bank account." Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence in ¶ 21 of the complaint.

22-23. Denies the allegations in ¶¶ 22-23 of the complaint.

24-25. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶¶ 24-25 of the complaint.

26. Avers that the allegations in ¶ 26 of the complaint are contentions of law to which no response is required.

27. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegation in ¶ 27 of the complaint regarding "creating false records." Denies the remaining allegations in ¶ 27 of the complaint.

28. Avers that the allegations in ¶ 28 of the complaint are contentions of law to which no

response is required.

29. Admits the allegations in ¶ 29 of the complaint.

**RELIEF**

Denies that plaintiff is entitled to the relief requested in the "Wherefore" clause of the complaint.

WHEREFORE, defendant prays that the complaint be dismissed with costs assessed against plaintiffs.

Respectfully submitted,

s/Jennifer Dover Spriggs
JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0840

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
GEORGE R. STEWART
Reviewer

s/George R. Stewart
Of Counsel

February 28, 2007