IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-799 T

(Judge Christine O.C. Miller)

ROBERTO GAGLIARDI AND MARIA L. GAGLIARDI

Plaintiffs

v.

THE UNITED STATES,

Defendant

OPPOSITION TO DEFENDANT"S MOTION FOR ENLARGEMENT OF TIME

Pursuant to RCFC 6.1, Plaintiffs respectfully oppose Defendant's Motion For Enlargement Of Time, filed on January 25, 2008. Attached hereto is the Declaration of Anica John in support of this motion.

Defendant erroneously states that Carol Downey was not identified as a person with knowledge of facts or issues relevant to this proceeding. Plaintiffs respectfully direct the Court to Plaintiffs' Response to Defendant's Interrogatories, Question 8, served on Defendant on September 28, 2007, where Ms. Downey was clearly identified as Plaintiffs' bookkeeper.

On December 20, 2007, pursuant to Appendix A, Section VI (13) of the RCFC, counsel for both parties met via telephone conference. Prior to the meeting of counsel, Plaintiffs had submitted to Defendant a list of exhibits intended to be used at trial for Plaintiffs' case-in-chief or for rebuttal purposes, a list of witnesses, and a proposed joint stipulation of facts. Defendant provided Plaintiffs with a list of exhibits and witnesses, but no proposed joint stipulation of facts.

On January 18, 2008, Ms. Spriggs contacted Frank Agostino, Esq. and requested that Carol Downey be deposed and added as a witness. Mr. Agostino informed Ms. Spriggs that Plaintiffs would object as discovery had passed, and a trial date was set by this Court. Plaintiffs are willing to stipulate to the testimony of Carol Downey, but do not want to incur the cost of traveling to Phoenix, Arizona where Ms. Downey resides.

In the late afternoon of January 25, 2008, the date Defendant's Memorandum of Facts and Law was due, Ms. Spriggs left a message with Mr. Agostino informing him that Defendant would be requesting an enlargement of time. Mr. Agostino promptly sent Ms. Spriggs an e-mail message stating that Plaintiffs would object to this motion.

Plaintiffs object to any postponement of the trial date. However, to the extent that Defendant needs more time to prepare its case for trial, Plaintiffs request that the Court shift the burden of fees to Defendant.

Respectfully submitted,

____________________________

Frank Agostino, Esq.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-799 T

(Judge Christine O.C. Miller)

ROBERTO GAGLIARDI AND MARIA L. GAGLIARDI

Plaintiffs

v.

THE UNITED STATES,

Defendant

DECLARATION OF ANICA JOHN

I, Anica John, hereby declare:

1. I am an associate attorney at Calo Agostino, PC, attorneys for the Plaintiffs;

2. On December 19, 2007, pursuant to Appendix A, Section VI (13) of the Rule of the United States Court of Federal Claims, I supplied Ms. Jennifer Spriggs, attorney of record for Defendant, with a list of exhibits to be used at the trial of our case-in-chief or for rebuttal purposes, a list of witnesses, and a proposed joint stipulation of facts;

3. On December 20, 2007, I was present at a meeting of counsel with Jennifer D. Spriggs, Esq., attorney of record for the United States;

4. At that meeting, Ms. Spriggs agreed to provide a draft joint stipulation of facts;

5. To date, Plaintiffs have not received any list of facts that Ms. Spriggs intends to use at trial;

6. In Plaintiffs' Response to Defendant's Interrogatories, Response to Question 8 (attached hereto as Exhibit A) Plaintiffs clearly identify Carol Downey as Plaintiffs' bookkeeper, and as also stated that Ms. Downey did freelance work for Mr. Goodman.

7. Pursuant to this Court's order, my office filed our Memorandum of Facts and Law on January 11, 2008.

8. On January 18, 2008, Jennifer Spriggs called Frank Agostino, Esq. and left a message stating that she intended to depose Carol Downey and add Ms. Downey to the Defendant's witness list. Ms. Spriggs stated that Mr. Lawrence Goodman, Plaintiffs' CPA during the relevant years, had identified her as his bookkeeper;

9. Frank Agostino, Esq returned Ms. Spriggs' phone call and indicated that Plaintiffs would object to any postponement of the trial date for this case. Mr. Agostino further indicated that Plaintiffs would be willing to stipulate to the testimony of Carol Downey, but did not want to incur the cost of traveling to Phoenix, Arizona, where Ms. Downey resides, for a deposition;

10. In the late afternoon of January 25, 2008, the date the Defendant's Memorandum of Facts and Law was due, Ms. Spriggs left a phone message for Mr. Agostino requesting that we agree to an enlargement of time;

11. Mr. Agostino sent Ms. Spriggs an e-mail stating that we would object to the motion.

Anica John

Anica John, Esq.

# EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-799 T

(Judge Christine O.C. Miller)

ROBERTO GAGLIARDI AND MARIA L. GAGLIARDI

Plaintiffs

v.

THE UNITED STATES,

Defendant

PLAINTIFFS' RESPONSE TO DEFENDANT'S INTERROGATORIES

Plaintiffs, ROBERTO GAGLIARDI AND MARIA L. GAGLIARDI, answer the *United States' First Set of Interrogatories to Plaintiffs* dated, August 29, 2007, as follows:

**OBJECTIONS NOT WAIVED**

Plaintiffs answer these interrogatories without waiving or intending to waive: (a) the right to object, on the grounds of privilege, competency, relevance, materiality, or any other proper grounds, to the use of the information or documents described herein for any purpose, in whole or in part, in any subsequent step or proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery procedures involving or relating to the subject matter of these interrogatories; and (c) the right, at any time, to revise, correct, add to, or clarify any of the responses set forth herein.

## ANSWERS TO INTERROGATORIES

1. **Describe the procedures that were utilized during the periods in issue to record the income and expenses from plaintiffs' dental practice, including the name of the person(s) responsible for implementing the procedures.**

Response

The plaintiffs did not have any specific procedure to record income and expenses from their dental practice. They deposited all income to bank accounts and paid all expenses by check.

2. **State the date plaintiffs first became aware they had unreported income for the periods in issue.**

Response

Plaintiffs object to this interrogatory to the extent that it calls for a legal conclusion to the meaning of "unreported income" and because it assumes that there is unreported income

Notwithstanding these objections, the plaintiffs do not recall the exact date they became aware that they had unreported income for the periods in issue. However, they recall it was during the Internal Revenue Services' examination. The plaintiffs have a general recollection that their accountant, Lawrence B. Goodman, CPA, advised them about the unreported income at the conclusion of the IRS audit.

3. **Describe the financial and accounting books and records maintained for plaintiffs' dental practice during the periods in issue, including the name of the person(s) who prepare the books and records.**

Response

Plaintiffs object to this interrogatory to the extent it seeks information not within the

plaintiffs' personal knowledge.

Notwithstanding this objection, Mr. Goodman prepared the books and records for all the Gagliardis' business and personal tax matters.

All bank statements, internal ledgers, and other financial records were submitted to Mr. Goodman for the purpose of preparing true and correct tax returns.

The plaintiffs are not aware of Mr. Goodman's internal tax preparation method, or of how he used the documents the Gagliardis submitted to him.

The Gagliaridis did not withhold any financial information from Mr. Goodman.

Mr. Goodman maintained a reconciliation of bank deposits to income for all schedule Cs for the periods in issue as well as a Quickbooks reports showing attributable to income of the Gagliardis. See Plaintiffs' Discovery Production Bates No. 000025.

**4. State the address for each location where plaintiffs operated a dental office during the periods in issue.**

Response

Dr. Gagliardi operated two dental offices during the periods in issue:

1) Roberto Gagliardi at 716 Palisades Avenue, Union City New Jersey,07087; and

2) Family Dentistry of Fair Lawn, LLC, 17-71A River Road, Fairlawn, New Jersey 07410.

3) Restorative Dentistry, 32-16 Broadway, Fairlawn, New Jersey 07410.

**5. Identify each checking account which plaintiffs maintained during the periods in issue. For each account, state --**

**a. the name of the bank in which the account was maintained; and**

**b. whether the account was a personal account or a business account.**

Response

The following is a chart of the accounts that the plaintiffs maintained during the periods in issue.

| **Name** | Bank | Account Number | Personal or Business | Savings or Checking |
|---|---|---|---|---|
| Roberto Gagliardi | Kearny Federal Savings Bank | #006-912660-6 | Records do not distinguish | Checking |
| Roberto Gagliardi/Rita Gagliardi | Summit/Fleet Bank | #412-3035540 | Personal | Checking |
| Family Dentistry of Fair Lawn LLC | Bank of New York (transferred over from the Valley National Bank account below) | #610-5297805 | Business | Checking |
| Family Dentistry | Valley National Bank | #40542815 | Business | Checking |
| N/A | Fleet | #101176731 | Records do not distinguish | Checking |
| Restorative Dentistry | Bank of New York | #610657689 | Business | Checking |

| | | | | |
|---|---|---|---|---|
| Maria L. Gagliardi | Bank of America | To be supplied before the deposition | Personal | Checking |
| Roberto Gagliardi, DMD | Summit/Fleet Bank | #0101176732 | Business | Checking |

**6. If plaintiffs contend (Compl. ¶10) that they "did not commit fraud had no intention to evade taxes," then –**

**a. specify each fact which supports these contentions;**

**b. identify each person with knowledge of these facts and contentions; and**

**c. identify each document which evidences these facts and contentions.**

Response

The plaintiffs object to this interrogation to the extent it is overbroad and requires the plaintiffs to make a legal conclusion as to facts at their disposal. The plaintiffs' investigation is far from complete and the plaintiffs reserve the right to supplement this answer as further discovery warrants.

Notwithstanding the above objection, the plaintiffs contend that they did not commit fraud and had no intention to evade taxes.

Lawrence B. Goodman, C.P.A. scheduled an IRS audit meeting at his office and indicated that he would provide all relevant statements, payroll, and general ledger and Mary Wieme would have full access to the Gagliardis' office. See Plaintiffs' Discovery Production Bates No. 000006.

A third interview with the Internal Revenue Service ("IRS" hereinafter) took place at Lawrence B. Goodman, C.P.A.'s office. Additional non-taxable items were found at this meeting.

Ms. Wieme allowed a bank deposit of $20,000 to be labeled as a non-taxable loan from Mr. Gagliardi's father to Roberto Gagliardi based on a check supporting this explanation. See Plaintiffs' Discovery Production Bates No. 000083.

According to the IRS record, checks deposited into bank accounts that appear to be for payment of medical fees were presented to Mr. Goodman and Mr. Goodman said he would speak to the Gagliardis to identify that income. See Plaintiffs' Discovery Production Bates No. 000125.

Mr. Goodman never spoke to the Gagliardis regarding these checks.

In 1991, Lawrence B. Goodman, C.P.A. was already the Gagliardis' personal accountant.

Maria Gagliardi first employed Mr. Goodman in the 1970s. Her father previously used his services in his business.

Mr. Goodman filed Internal Revenue Service form 4868 application for automatic extension for the Gagliardis' 2003 form 1040. Their tax liability was estimated to be $5,841. See Plaintiffs' Discovery Production Bates No. 000059.

Mr. Goodman indicated to Mary Wieme that the Gagliardis would pay the tax bill in full when they received it. See Plaintiffs' Discovery Production Bates No. 0000130.

Lawrence B. Goodman, CPA; Roberto Gagliardi, Maria L. Gagliardi, and Mary Wieme have knowledge of these facts.

**7. If plaintiffs contend (Compl. ¶10) that they "never authorized their accountant to agree to a fraud penalty," then --**

- **a. specify each fact which supports these contentions;**
- **b. identify each person with knowledge of these facts and contentions; and**
- **c. identify each document which evidences these facts and contentions.**

Response

The plaintiffs never authorized Mr. Goodman to agree to a fraud penalty. See Plaintiffs' Discovery Production Bates No. 000078. See also Plaintiffs' Discovery Production Bates No. 000079 - 80.

Before going to Italy, the Gagliardis and Lawrence Goodman, CPA discussed the status of the case and Mr. Goodman stated that no meaningful progress would be made in the case while the Gagliardis were on vacation in Italy.

Mr. Goodman agreed to the fraud penalty while the Gagliardis were in Italy. See Plaintiffs' Discovery Production Bates No. 000079 - 80. See also Plaintiffs' Discovery Production Bates No. 000081.

By agreeing to a fraud penalty, Mr. Goodman avoided an increase in his professional malpractice insurance premium.

The Gagliardis and Mr. Goodman have knowledge of these facts.

Jo Ann Ewert, an Examination Operations Manager for the IRS was aware of these facts and contentions because she prepared a 105C letter to the Gagliardis denying their appeal for relief from the fraud penalty against them.

Nancy J. Aiello was also aware of these facts and contentions because the appeal was addressed to her since she was the field director of account management of the IRS office in Philadelphia when the appeal was filed.

Mary Wieme was aware of these facts.

**8. If plaintiffs contend (Compl. ¶¶ 12, 13) that they gave their accountant access to "all their books and records" and that "all of their income and records were provided to**

**the CPA and were available to him," then –**

**a. specify each fact which supports these contentions;**

**b. identify each person with knowledge of these facts and contentions; and**

**c. identify each document which evidences these facts and contentions.**

Response

The Gagliardis provided Mr. Goodman each record he requested of them.

Mr. Goodman was the only accountant the Gagliardis ever had.

The Gagliardis told Mr. Goodman about all accounts they had and provided him with all books, records, and financial information necessary for him to properly prepare their income tax returns.

The Gagliardis provided Mr. Goodman with deposit slips, bank statements, and cancelled checks from the banks referenced in answers to interrogatories 3 and 14.

The Gagliardis have known Mr. Goodman for three decades.

The Gagliardis had no reason to doubt Mr. Goodman's competence as a CPA.

Mr. Goodman's office was located in the same building as the Gagliardis' business, and all of their books and records were available to him.

The Gagliardis relied upon their family friend and adviser, Mr. Goodman to prepare true and accurate tax returns.

Until the end of 2000, Carole Downey served as the bookkeeper for the Gagliardis. She also did freelance work for Mr. Goodman.

The plaintiffs purchased two dental practices on Goodman's recommendation.

As the CPA for the buyers and the sellers, Goodman was intimately familiar with the operation of the two practices and of the taxpayers' original practice. See Plaintiffs' Discovery Production Bates No. 000139.

In preparation for the audit, the Gagliardis compiled all their financial records for Mr. Goodman's review. Mr. Goodman saw the records for the Kearney bank account, and stated that he did not need them. He gave these records back to the Gagliardis and took the rest of the records.

9. **If plaintiffs contend (Compl. ¶ 11) that the deficiencies determined by the IRS on audit for the periods in issue were attributable to income that their accountant, Lawrence B. Goodman, was aware of but failed to report on plaintiffs' tax returns, then –**

   a. **specify each fact which supports these contentions;**

   b. **identify each person with knowledge of these facts and contentions; and**

   c. **identify each document which evidences these facts and contentions.**

Response

If there was a deficiency for the tax periods in issue, the plaintiffs contend that the deficiencies determined by the IRS on audit for the periods in issue were attributable to income that Lawrence B. Goodman CPA was should have been aware of but failed to report on plaintiffs' tax returns.

The Gagliardis hired Mr. Goodman to compile the books and records of Robert Gagliardi's dental practice and to prepare the Gagliardi's tax returns for tax years 2000 and 2001. See Plaintiffs' Discovery Production Bates No. 000125.

As the Gagliardis' business and personal CPA, Mr. Goodman, was familiar with all aspects, sources, and repositories of the Gagliaridis' income and assets.

The Gagliardis furnished all bank statements and other pertinent financial information for tax years 2000 and 2001 to Mr. Goodman. The information they provided Mr. Goodman encompassed all their business and personal financial information.

The Form 4549 indicates that the Gagliardis' gross receipts were adjusted upward in the amount of $40,621.00 for income attributable to deposits made into the Kearney account. See Plaintiffs' Discovery Production Bates No. 000076.

The Examiner's Activity Record indicates the gross receipts were adjusted upward in the amount of $53,750.00 for income attributable to the Fleet Bank Account #0101176732 for tax year 2000. See Plaintiffs' Discovery Production Bates No. 0000154.

The IRS examining officer, Mary Wieme, saw a check from Kearney Federal Savings Bank deposited into one of the accounts and made an inquiry to Mr. Goodman about the account. Mr. Goodman stated that they were checks for the dental business and said he would discuss them with the Gagliardis. See Plaintiffs' Discovery Production Bates No. 000146.

Ms. Wieme and her manager discovered that business deposits were made into the Kearney bank account. See Plaintiffs' Discovery Production Bates No. 000125.

When the Kearney bank records were summoned, the IRS discovered that deposits were made into two personal bank accounts. See Plaintiffs' Discovery Production Bates No. 000125.

Mr. Goodman represented to the IRS that he had information with which he could respond to Ms. Wieme's Information Document Request dated May 21, 2001, but never contacted her again regarding this matter. See Plaintiffs' Discovery Production Bates No. 000121.

Ms. Wieme could not reconcile the general ledger to the bank deposits and to the tax returns. See Plaintiffs' Discovery Production Bates No. 000135.

**10. If plaintiffs contend (Compl. ¶ 15) that they were not informed that they faced a fraud penalty before Lawrence B. Goodman executed the Form 4549 agreeing to the penalties in issue, then –**

**a. specify each fact which supports these contentions;**

**b. identify each person with knowledge of these facts and contentions; and**

**c. identify each document which evidences these facts and contentions.**

Response

The Gagliardis were in Italy when Goodman agreed to the fraud penalty. See Plaintiffs' Discovery Production Bates No. 000078. See also Plaintiffs' Discovery Production Bates No. 000080-81.

Mr. Gagliardi expressly instructed Mr. Goodman not to conclude the case with the IRS before he returned from his trip to Italy. Mr. Gagliardi also told Mr. Goodman that he intended to retain an attorney to speak with the IRS.

On September 2, 2004, Mr. Goodman sent the Gagliardis a memorandum with a summary of outstanding taxes. Nowhere on this summary is a fraud penalty shown. Mr. Goodman listed all items as tax. See Plaintiffs' Discovery Production Bates No. 000253.

Mr. Goodman never discussed the implications of accepting a fraud penalty before he executed the Form 4549.

When the Gagliardis confronted Mr. Goodman with the fraud penalty, he claimed that the

IRS threatened them with jail. Roberto and Maria Gagliardi as well as Lawrence B. Goodman are aware of these contentions.

**11. If plaintiffs contend (Compl. ¶ 15) that their accountant, Lawrence B. Goodman, withheld information from the IRS auditor during the audit of the periods in issue, then –**

**a. specify each fact which supports these contentions;**

**b. identify each person with knowledge of these facts and contentions; and**

**c. identify each document which evidences these facts and contentions.**

Response

The Gagliardis do contend that their accountant, Lawrence B. Goodman withheld information from the IRS auditor during the audit period. The facts below support their contention.

Goodman was the Gagliardis' personal accountant before 1991.

The Gagliardis started their business in 1991.

The Gagliardis hired Lawrence Goodman, CPA, to compile the books and records of Robert Gagliardis' dental practice and to prepare the Gagliardi's tax returns for tax years 2000 and 2001.

Mr. Goodman was familiar with all aspects, sources and repositories of the Gagliardi's income and assets.

The Gagliardis purchased two dental practices on Mr. Goodman's recommendation. As the CPA for the buyers and the sellers, Goodman was intimately familiar with the operation of the two practices and of the plaintiffs original practice.

The Gagliaridis furnished all bank statements and other personal financial information for

tax years 2000 and 2001 to Mr. Goodman. The information they provided to Mr. Goodman encompassed all their business and personal information.

The Gagliardis' dental practice shared the same building as Goodman's accounting practice. Thus, he had easy access to all their financial records.

Upon learning that they would be audited, the Gagliardis told Mr. Goodman to fully cooperate with the IRS.

Mr. Goodman scheduled an appointment with IRS agent, Mary Wieme on 02/27/03 whereby he indicated he would have all statements, payroll, and general ledger materials available to her. See Plaintiffs' Discovery Production Bates No. 000037.

Mr. Goodman never provided these materials. See Plaintiffs' Discovery Production Bates No. 000037.

Mr. Goodman told Mary Wieme that he had information that provided an explanation for the understatement she claimed existed on the Gagliardis' 2001 and 2001 tax returns. See Plaintiffs' Discovery Production Bates No. 000121.

Mr. Goodman never contacted Ms. Wieme to provide her with the information. See Plaintiffs' Discovery Production Bates No. 000121.

In August 2003, Mary Wieme found bank accounts of the Gagliardis that had business deposits. See Plaintiffs' Discovery Production Bates No. 000146.

Ms. Wieme believed that Mr. Goodman was unaware of the personal accounts. See Plaintiffs' Discovery Production Bates No. 000146.

The Gagliardis instructed Mr. Goodman to fully cooperate with the IRS.

The Gagliardis and Mr. Goodman have personal knowledge of these facts.

**12. If plaintiffs contend that during the periods in issue their accountant, Lawrence B. Goodman, was aware of their checking account at Kearney Federal Bank, then –**

**a. specify each fact which supports these contentions;**

**b. identify each person with knowledge of these facts and contentions; and**

**c. identify each document which evidences these facts and contentions.**

Response

During the periods in issue, Mr. Goodman was aware of the Gagliardis checking account at Kearney Federal Bank.

In 1991, the Gagliardis started a dental business. At the time Goodman was already their personal accountant.

Maria L. Gagliardi signed the Gagliardis' tax return for tax year 2000 Form 1040 and listed housewife as her occupation. See Plaintiffs' Discovery Production Bates No. 000006.

The Gagliardis made $36,705.21 in deposits to their Kearny Federal Savings account # 0069126606 in 2001. See Plaintiffs' Discovery Production Bates No. 000115.

The Gagliardis reported $885,945.00 as total income on the Gagliardis' 2001 tax return.

Maria L. Gagliardi signed the Gagliardis' tax return for tax year 2001 Form 1040 and listed housewife as her occupation. See Plaintiffs' Discovery Production Bates No. 000189.

**13. State whether plaintiffs deposited receipts from their dental practice into a personal checking account during the periods in issue. If the answer is in the affirmative, state–**

**a. the reason the dental receipts were deposited into a personal rather than a business account; and**

**b. whether the accountant, Lawrence B. Goodman, was aware of this practice; and if so, identify each document which supports this contention.**

Response

The Gagliardis deposited dental receipts into their Kearney bank account during the periods in issue.

The Gagliardis commingled their personal and business finances.

The reason they deposited the dental receipts into a personal rather than a business account was that they believed that since they filed only one tax return, the accountant, Mr. Goodman, would capture all income, anyway.

Lawrence B. Goodman was aware of this practice because he had been the Gagliardis' accountant since Dr. Roberto Gagliardi began his practice in 1991.

In addition, the Gagliardis provided all books and records that were necessary to report all income to Goodman so that he could properly complete their tax returns for the periods in issue. See Plaintiffs' Discovery Production Bates No. 000079.

**14. State whether during the periods in issue plaintiff maintained business checking account(s) for his dental practice. If the answer is in the affirmative, state–**

**a. the identity of each business checking account; and**

**b. the name of the bank in which each account was maintained.**

Response

Mr. Gagliardi maintained several checking accounts during the periods in issue.

Under the business name "Family Dentistry of Fair Lawn LLC" he maintained a checking account #610-5297805 at the Bank of New York, whose legal department is located at 123 Main Street, White Plains, NY 10601.

"Family Dentistry" maintained a checking account #40542815 at Valley National Bank, located at 1455 Valley Road, Wayne New Jersey 07470. This checking account was transferred over to the Bank of New York account shown above.

Roberto Gagliard DMD maintained an account #0101176732 at Fleet Bank, located at 3109 Bergenline Avenue, Union City, New Jersey 07087.

**15. With respect to the accountant, Lawrence B. Goodman, state–**

**a. the number of years Mr. Goodman prepared their individual income tax returns;**

**b. whether Mr. Goodman did any accounting work for the dental practice during the periods in issue; and if so, explain the nature of the work he performed;**

**c. identify the books and records which plaintiffs provided to Mr. Goodman in connection with the preparation of their income tax returns for the periods in issue.**

Response

Mr. Goodman prepared the income tax returns for Maria L. Gagliardi since 1979 until 2002, when he prepared the 2001 tax return for the Gagliardis.

Mr. Goodman prepared their tax returns during the periods in issue.

Mr. Goodman was the only accountant the Gagliardis ever had.

Mr. Goodman was aware of all accounts the Gagliardis had and they provided him with all books and records in order for him to properly prepare their income tax returns.

The Gagliardis provided Mr. Goodman with deposit slips from banks referenced in answers to interrogatories 3 and 14; bank statements; and cancelled checks.

**16. State whether separate financial books, records, spreadsheets or worksheets were maintained for the dental practice at the Union City location during the periods in issue. If the answer is affirmative, then –**

**a. describe the books and records which were maintained;**

**b. identify the person(s) who prepared the documents; and**

**c. State whether these documents were provided to Lawrence B. Goodman in connection with the preparation of plaintiffs' income tax returns for the periods in issue.**

Response

Separate financial books, records, spreadsheets, or worksheets were not maintained for the dental practice at the Union City location during the periods in issue. Mr Goodman, CPA, compiled the books for Mr Gagliardi's dental offices for those periods and may have set up separate books and financial records for the Union City location, so the proper person to ask would be Mr. Goodman.

**17. If plaintiffs contend that their accountant, Lawrence B. Goodman knew that they deposited receipts from their dental practice at the Union City location into a personal checking account(s), then –**

a. **specify each fact which supports this contention;**

b. **identify each person with knowledge of these facts and contentions; and**

c. **identify each document which evidences these facts and contentions.**

<u>Response</u>

Mr. Goodman reported income from Maria Gagliardi's Summit/Fleet Bank Account #0201330164 in the amount of $55,429.00. See Plaintiffs' Discovery Production Bates No. 000154.

Maria Gagliardi was a housewife. See Plaintiffs' Discovery Production Bates No. 000006.

Mr. Goodman's website indicates that he is a specialist in the accounting of dental practices. See www.lbgcpas.com.

**18. Identify each document plaintiffs intend to offer as evidence at the trial of this case. For each document, state –**

a. **the purpose for which it will be offered; and**

b. **each person who will testify with respect to the document and the purpose of the testimony.**

<u>Response</u>

The plaintiffs have not yet determined what documents they intend to offer as evidence at trial. Any documents produced by the plaintiffs Freedom of Information Act requests, documents produced through discovery, and documents provided by Mr. Goodman may be offered as evidence.

At the present time the plaintiffs know of only four people who have relevant knowledge regarding the documents in this case: Roberto Gagliardi, Maria L. Gagliardi, Lawrence B.

Goodman, and Mary Wieme.

**19. Please identify each person with knowledge of the facts relevant to the issues presented in the complaint, including a brief description of the facts known by each such person.**

Response

**Roberto Gagliardi** - Mr. Gagliardi has knowledge of facts surrounding the Gagliardis professional relationship with Mr Goodman, the documents made available to Mr. Goodman for the preparation of the tax returns for the periods in issue, and any communication between Mr. Goodman and the Gagliardis concerning the fraud penalty.

**Maria L. Gagliardi** - Mrs. Gagliardi has knowledge of facts surrounding the Gagliardis professional relationship with Mr Goodman, the documents made available to Mr. Goodman for the preparation of the tax returns for the periods in issue, and any communication between Mr. Goodman and the Gagliardis concerning the fraud penalty.

**Lawrence B. Goodman, CPA** - Mr. Goodman has knowledge of the facts surrounding his professional relationship with the Gagliardis, all documents the Gagliardis provided to him for the preparation of their tax returns for the periods in issue, the process by which he prepared the tax returns, any communications he had with the IRS regarding the Gagliardis, and any communications with the Gagliardis regarding the fraud penalty.

**Mary Wieme** - Ms. Wieme has knowledge of the facts surrounding the investigation of the Gagliardis, and Mr. Goodman's interactions and communications with the IRS on behalf of the Gagliardis.

Respectfully submitted,

FRANK AGOSTINO
Attorney of Record
Calo Agostino, PC
14 Washington Place
Hackensack, NJ 07601
(201) 488-5400 ext. 107
(201) 488-5855 (facsimile)

Attorneys for Plaintiffs

September 28, 2007

CERTIFICATE OF SERVICE

I certify that service of the Plaintiff's Interrogatories Set No. 1 has, this 29th day of September 2007, been made on opposing counsel by mailing the original thereof, by Federal Express to the following address:

Jennifer Dover Spriggs
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044

Frank Agostino, Esquire
Calo Agostino, PC
14 Washington Place
Hackensack, New Jersey 07601

**CERTIFICATION**

Maria L. Gagliardi, who is a Plaintiff, does hereby certify and say that the foregoing answers to interrogatories are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DATED:

These interrogatories are propounded by
CALO AGOSTINO, P.C.

Attorneys for Plaintiff

BY:________________________
Anica John

**CERTIFICATION**

Roberto Gagliardi, who is a Plaintiff, does hereby certify and say that the foregoing answers to interrogatories are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

____________________________

DATED:

These interrogatories are propounded by
CALO AGOSTINO, P.C.

Attorneys for Plaintiff

BY:_________________________
Anica John