IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-799 T

(Judge Christine O.C. Miller)

ROBERTO GAGLIARDI AND MARIA L. GAGLIARDI,

Plaintiffs

v.

THE UNITED STATES,

Defendant

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION
TO DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME
AND
MOTION FOR LEAVE TO SUPPLEMENT WITNESS LIST
AND FOR LEAVE TO DEPOSE WITNESS

I.

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION
TO DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME

Pursuant to RCFC 7.1, the United States files its reply to plaintiffs' Opposition to Defendant's Motion For Enlargement of Time ("opposition") in the above-captioned matter.

An enlargement of time was sought in this action in order to allow defendant time to file a motion for leave to supplement its witness list to add Carole Downey as a witness and to request leave to schedule her deposition. Prior to filing the motion for enlargement of time, counsel for the United States contacted plaintiffs' counsel and asked that plaintiffs agree to the

United States' request that it be allowed to add Carole Downey to its witness list as provided by RCFC Appendix A ¶13(b) and that leave to schedule her deposition be granted. The parties were unable to reach an agreement.

Plaintiffs, although having filed an "opposition"[1] to defendant's motion for enlargement of time, do not appear to state any actual opposition to the testimony of Carole Downey (*see* opposition at 2 "plaintiffs are willing to stipulate to the testimony of Carol Downey but do not want to incur the cost of traveling to Phoenix.") Defendant does not agree that shifting the burden of fees to defendant would be fair in this instance. Counsel for defendant previously advised plaintiffs' counsel that defendant has no objection (if the deposition is scheduled) to plaintiffs' counsel's appearance by telephone. Such a procedure could resolve plaintiffs' concerns about the cost of traveling to Phoenix for a deposition.

Plaintiffs, in their opposition (opposition at 1), incorrectly state that:

> Defendant erroneously states that Carol [sic] Downey was not identified as a person with knowledge of facts or issues relevant to this proceeding. Plaintiffs' respectfully direct the Court to Plaintiffs' Response to Defendant's Interrogatories, Question 8, . . . where Ms. Downey was . . . identified as Plaintiffs' bookkeeper."

During discovery plaintiffs were asked (*see* Def. Ex. 2 at A23) in Defendant's Interrogatory No. 19 to "identify each person with knowledge of the facts relevant to the issues presented in the complaint, including a brief description of the facts known by each such person." In response to that interrogatory plaintiffs identified four individuals, Roberto

---

[1] The opposition is not signed by counsel for plaintiffs as required by RCFC 11 ("an unsigned paper shall be stricken unless the omission is corrected promptly"). In addition, the declaration of Anica John filed in support of plaintiffs' opposition was not made under oath and does not meet the requirements of 28 U.S.C. §1746. Ms. John's declaration does not indicate that she has personal knowledge about the assertions made in ¶ 8 of her declaration and her assertions there are inaccurate.

Gagliardi, Maria L. Gagliardi, Lawrence B. Goodman, and Mary Wieme. (*Ibid.*) Plaintiffs failed to list Carole Downey as a person with *knowledge* of the *facts relevant to the issues presented in this case*. (*Ibid*.) (*See also* ¶¶ A-F of defendant's Motion For Leave to Supplement Witness List and For Leave to Depose Witness ("motion for leave") set forth below.)

Although plaintiffs acknowledged during discovery that Carole Downey was their bookkeeper during 2000 (*see* Def. Ex. 2, at A12)[2] they described her work for them as limited to preparing the payroll and paying bills for the River Road office. (Def. Ex. 4, at A37, Lines 5-6.) According to new information provided by Ms. Downey, she did much more than that; she also prepared the books and records for each of the plaintiffs' dental offices. (Def. Ex. 7; *see also*, ¶¶ A-F of the motion for leave set forth below.)

Wherefore, defendant request that its motion for enlargement of time be granted .

## II.

## MOTION FOR LEAVE TO SUPPLEMENT WITNESS LIST AND FOR LEAVE TO DEPOSE WITNESS

Pursuant to RCFC Appendix A, ¶ 13(b), the United States respectfully moves for leave to supplement its witness list to add Carole Downey as a witness and for leave to schedule her deposition.

In support of this motion, defendant states that it received new information about Carole Downey after the close of discovery in this case and after the parties' RCFC Appendix A, ¶ 13 exchanges on December 20, 2007. In a declaration dated January 24, 2008, Carole Downey

---

[2] Carole Downey states that she worked for plaintiffs through September 30, 2001. (Def. Ex. 7.)

states (Def. Ex. 7) (emphasis added) that "during the time I was retained by Dr. Gagliardi I prepared the books and records for *each* of his dental offices." Although plaintiffs acknowledged during discovery that Carole Downey was their bookkeeper during 2000 (*see* Def. Ex. 2, at A12)[3] they failed to disclose that she prepared the books and records for each of their dental offices. This new information, [that Carole Downing prepared the books and records for each of plaintiffs' dental offices], is important because Carole Downey can provide testimony about the documents that she prepared for plaintiffs' Union City dental office.

On audit, the Internal Revenue Service determined that: (1) there was an understatement of business income for plaintiffs' Union City dental office; (2) plaintiffs deposited business income from the Union City dental office into several personal bank accounts and failed to maintain adequate business records to ensure that all the business income would be reported on the income tax returns for the periods in issue; and (3) plaintiffs concealed a personal bank account which contained business income from the Union City dental office which was not reported on their income tax returns for the periods in issue. The Internal Revenue Service determined that the understatement of business income [from the Union City dental office] by the plaintiffs for the 2000 and 2001 tax years was due to fraud.

During discovery in this case, plaintiffs maintained that Carole Downey worked at their River Road dental office doing "basically payroll and paying bills" and that she had no knowledge about their Union City location. (*See* Def. Ex. 4 at A37.) In addition, plaintiffs advised (Def. Ex. 2 at A21) (emphasis added) that "Separate financial books, records,

---

[3] *See* fn. 2 above.

spreadsheets, or worksheets were *not* maintained for the dental practice at the Union City location."

Although Carole Downey was not listed as a witness by either defendant or plaintiffs pursuant to the RCFC Appendix A ¶ 13 exchange between the parties on December 20, 2007 (*see* Def. Exs. 8-9); it is within the Court's discretion to grant defendant's request for leave to supplement its witness list to add Carole Downey as a witness. *See Beissel v. Pittsburgh and Lake Erie R. Co*., 801 F.2d 143, 150 (3rd Cir. 1986), *cert. denied*, 479 U.S. 1088 (1987); *Berroyer v. Hertz*, 672 F.2d 334, 338 (3rd Cir. 1982). Ms. Downey's testimony may significantly impact defendant 's contentions of fact and law in this action and may affect the facts to which defendant can stipulate. The importance of Ms. Downey's testimony is a factor to be considered and "exclusion of critical testimony by unlisted witnesses is disfavored." *Ibid.* It is also within the Court's discretion to allow the defendant leave to schedule the deposition of Ms. Downey. In this case there is no prejudice or surprise to plaintiffs if Ms. Downey is added as a witness and provides deposition testimony. The defendant has not asked that the trial date in this action be rescheduled but only seeks to supplement its witness list to add Carole Downey as a witness and to have the opportunity to schedule her deposition.

BACKGROUND

This action is brought pursuant to 28 U.S.C. § 1491, and seeks a refund of civil fraud penalties assessed for the 2000 tax year in the amount of $13,437.75 and a refund of civil fraud penalties assessed for the 2001 tax year in the amount of $4,305.00. Roberto Gagliardi is a dentist and during the periods in issue he practiced dentistry at the following locations: 716 Palisades Avenue, Union City, New Jersey ("Union City"); Family Dentistry of Fairlawn, LLC,

17-71A River Road, Fairlawn, New Jersey ("River Road") and Restorative Dentistry, 32-16 Broadway, Fairlawn, New Jersey.

As set forth above, Carole Downey, has provided a declaration dated January 24, 2008, which states that she prepared the books and records for each of plaintiffs' dental offices. (Def. Ex. 7.) This conflicts with plaintiffs' responses during discovery which state that no separate books and records were maintained for the Union City office and that Mr. Goodman prepared the books and records for plaintiffs' dental offices. (Def. Ex. 2, at A7, A13, A16, A21.)

## COMPELLING REASONS SUPPORT THE GOVERNMENT'S REQUEST FOR LEAVE TO SUPPLEMENT ITS WITNESS LIST TO ADD CAROLE DOWNEY AS A WITNESS AND TO SCHEDULE HER DEPOSITION

### A. Defendant received new information about Carole Downey after the close of discovery and after the RCFC Appendix A ¶ 13 exchanges

#### 1. Mr. Goodman initially testified that Carole Downey prepared books and records for plaintiffs' River Road dental office

Lawrence B. Goodman, C. P. A., prepared the plaintiffs' tax returns for 2000 and 2001. When asked at his deposition, whether Carole Downey prepared books and records for dental offices other than the plaintiffs' River Road location Mr. Goodman indicated that he did not think that Ms. Downey prepared books and records for any of plaintiffs' dental offices other than the River Road office. (Def. Ex. 5 at A42, Lines 4-5.)

2. A correction to Mr. Goodman's original deposition testimony dated December 20, 2007,[4] raised new questions about Carole Downey's role in the preparation of the books and records for plaintiffs' dental offices

On December 20, 2007, Mr. Goodman, forwarded to defendant an errata sheet setting forth changes to his original deposition testimony. In his errata sheet, Mr. Goodman made the following correction (Def. Ex. 5 at A43): "Some bookkeeping was done by Carol[sic] Downey, a Bookkeeping Service Provider, and presented to my firm." In a conference call with counsel for the United States on January 15, 2008,[5] Mr. Goodman discussed the reference to Carole Downey in the errata sheet to his deposition. During the January 15 conference call, Mr. Goodman provided contact information for Carole Downey so that defendant could consult with her directly about her role as a bookkeeping service provider for the plaintiffs. (Def. Ex. 6.)

3. In a declaration dated January 24, 2008, Carole Downey states that she prepared the books and records for each of plaintiffs' dental offices from July 28, 1999, through September 30, 2001.

In a declaration dated January 24, 2008, Carole Downey explained that she owns an independent bookkeeping service and from July 28, 1999, through September 30, 2001, she was retained by Roberto Gagliardi to prepare the books and records for each of his dental offices. (Def. Ex. 7.) As set forth in more detail below, the information provided by Ms. Downey [that she prepared the books and records for each of the plaintiffs' dental offices] conflicts with portions of plaintiffs' deposition testimony as well as plaintiffs' discovery responses about her work.

[4] Mr. Goodman's errata sheet was received by defendant on December 28, 2007.

[5] Mr. Goodman was away from his office from December 20, 2007, through January 14, 2008. (Def. Ex. 6.)

B. Plaintiffs failed to list Carole Downey in their initial disclosures under RCFC 26(a)(1)(A) as an individual likely to have discoverable information.

RCFC 26(a)(1)(A) provides, in part, that a party must disclose (emphasis added) "the name and, if known, the address and telephone number of each individual likely to have d*iscoverable* information that the disclosing party may use to support its claims or defenses. . . ."

The parties submitted their initial disclosures under RCFC 26(a) on May 7, 2007, (defendant's initial disclosures) and on June 4, 2007( plaintiffs' initial disclosures). (*See* Def. Exs. 1, 10.) Neither party listed Carole Downey in their initial disclosures as an individual likely to have discoverable information. (*Ibid*.) On January 24, 2008, Carole Downey provided a declaration which states (emphasis added) that "from July 28, 1999, through *September 30, 2001*, I was retained by Roberto Gagliardi to do the bookkeeping for his dental practice." (Def. Ex. 7,

¶ 1.) Ms. Downey also states that (emphasis added) "during the time that I was retained by Dr. Gagliardi I prepared the *books and records* for *each* of his dental offices." (*Id*. at ¶ 3.)

Although she was not listed by either party in their initial disclosures, Carole Downey has discoverable information about the books and records which she prepared for each of the dental locations. Her testimony about the books and records prepared for the Union City dental office is critical because that is the only location where there is evidence that business income was diverted into several personal bank accounts and that business income was not reported on the income tax returns for the years in issue. Plaintiffs' failure to list Carole Downey in its initial disclosures hindered the Government's discovery efforts with respect to her.

C. Plaintiffs failed to disclose that Carole Downey prepared the books and records for each of the dental office locations during 2000 through September 30, 2001.

Plaintiffs' responded to defendant's interrogatories on September 29, 2007.[6] (Def. Ex. 2.) In their responses to defendant's interrogatories, plaintiffs failed to disclose that Carole Downing prepared the books and records for each of plaintiffs' dental office locations. (*See* Def. Ex. 2 at A7 ("Mr. Goodman prepared the books and records for all the Gagliardis' business and personal tax matters"); *id*. at A13 ("The Gagliardis hired Mr. Goodman to compile the books and records of Robert Gagliardi's dental practice"); *id*. at A16 ("The Gagliardis hired Mr. Goodman to compile the books and records of Robert Gagliardi's dental practice"); and *id*. at A21 ("Separate financial books, records, spreadsheets, or work sheets were not maintained for the dental practice at the Union City location during the periods in issue. Mr. Goodman, C.P.A. , compiled the books for Mr. Gagliardi's dental offices for those periods. . . .")

In addition, during Maria L. Gagliardi's deposition (Def. Ex. 3, at A32, Lines 8-10), she testified as follows:

> "Q: Was there someone–was there another employee, then who, kept the books and records for the business?
> A: I don't know."

When asked about the work that Carole Downey performed for his dental offices Roberto Gagliardi testified (Def. Ex. 4, at A37, Lines 5-6) that:

> "Q: Okay. And what did she [Carole Downey] do there?
> A: Bookkeeping. She basically – her bookkeeping was basically payroll and paying my bills from the office [the River Road office]."

---

[6] Plaintiffs' supplemented their answers to Defendant's Interrogatories- Set No. 1, on December 31, 2007, providing certifications for their responses under penalty of perjury.

Plaintiffs described Carole Downey's work for them as limited to preparing the payroll and paying bills for the River Road office. (*Ibid*.) According to Ms. Downey, she did much more than that; she also prepared the books and records for each of the plaintiffs' dental offices. (Def. Ex. 7.)

D. Plaintiffs failed to list Carole Downey as a person with knowledge regarding the documents in this case

In their responses to defendant's interrogatories, plaintiffs' failed to identify Carole Downey as a person with knowledge of the documents in this case. *See* Def. Ex. 2 at A22-A23 ("At the present time the plaintiffs know of only four people who have relevant knowledge regarding the documents in this case: Roberto Gagliardi, Maria L. Gagliardi, Lawrence B. Goodman, and Mary Wieme.") Plaintiffs' failure to list Carole Downey as a person with knowledge of the documents in this case hindered the Government's discovery efforts because Ms. Downey was not readily identifiable as a potential witness or someone with information sufficient to warrant a deposition.

E. Plaintiffs failed to list Carole Downey as a person with knowledge of facts relevant to the issues presented in the complaint.

Plaintiffs, in their responses to defendant's interrogatories, identified four individuals (Def. Ex. 2 at A23) (emphasis added) "with knowledge of the *facts relevant* to the *issues* presented in the complaint. " The individuals identified by plaintiffs with knowledge of facts relevant to the issues in this case are Roberto Gagliardi, Maria L. Gagliardi, Lawrence B. Goodman, C.P.A., and Mary Wieme. (*Ibid*.) The plaintiffs' failure to list Carole Downey as a person with knowledge of facts relevant to the issues in this case impeded the Government's ability to accurately evaluate her role in this action.

F. <u>Plaintiffs identified Carole Downey as a bookkeeper who prepared the payroll and paid bills at their River Road dental office during 2000</u>.

In responding to defendant's interrogatories (Def. Ex. 2 at A12) plaintiffs stated that "Until the end of 2000, Carole Downey served as the bookkeeper for the Gagliardis." At Roberto Gagliardi's deposition he was asked about Carole Downey's work for his dental practice and he s testified as follows (Def. Ex. 4 at A37, lines 3-4):

> "Q: Did she [Carole Downey] work at a specific location?
> A: Yes, River Road."

In addition, as set forth above, Roberto Gagliardi described Ms. Downey's work for him as "basically payroll." (*Id*. at A37, Lines 5-6.)

However, Ms. Downey prepared the books and records for *each* of the plaintiffs' dental offices and did *not* do work solely for the River Road location. (Def. Ex. 7, ¶ 3.) By testifying that Ms. Downey worked at a specific location, the River Road dental office, Roberto Gagliardi minimized the importance her knowledge of the books and records of his dental practice and thus her role in this action. This is so because, there is no evidence that the River Road dental office had any unreported business income. On audit, the Internal Revenue Service determined that plaintiffs' Union City dental office was the only location where there was unreported business income for 2000 and 2001. To the extent that Ms. Downey prepared books and records for the Union City dental office her testimony about those records is important in evaluating whether the understatement of income for that location resulted from plaintiffs' fraudulent concealment of income.

When asked at his deposition whether Carole Downey had any knowledge about the Union City dental office Roberto Gagliardi testified that she did not. (*See* Def. Ex. 4 at A37, Lines 8-10:

> "Q: Would she [Carole Downey] have knowledge about the Union City location?
> A: No."

Roberto Gagliardi's testimony conflicts directly with the information provided by Ms. Downey. *See* Def. Ex. 7 (" I prepared the books and records for each of his [Roberto Gagliardi's] dental offices.").

## CONCLUSION

Because Ms. Downey's testimony is critical to the evaluation of the understatement of business income for the 2000 and 2001 tax years and there is no prejudice or surprise to plaintiffs by her addition as a witness, defendant requests that its motion be granted and that defendant be allowed to supplement its witness list to add Carole Downey as a witness and to schedule her deposition.

Respectfully submitted,

s/Jennifer Dover Spriggs

JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0840

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
GEORGE R. STEWART
Reviewer

s/George R. Stewart
Of Counsel

February 1, 2008