# INDEX

| | | Page |
|---|---|---|
| Declaration of Jennifer Dover Spriggs | | A1 |
| Exhibit 1: | Plaintiffs' Initial Disclosures pursuant to RCFC 26(a) (excerpt) | A3 |
| Exhibit 2: | Plaintiffs' Response to Defendant's Interrogatories | A5 |
| Exhibit 3: | Excerpt from the Deposition Transcript of Maria L. Gagliardi | A30 |
| Exhibit 4: | Excerpt from the Deposition Transcript of Roberto Gagliardi | A34 |
| Exhibit 5: | Excerpt from the Deposition Transcript of Lawrence B. Goodman | A39 |
| Exhibit 6: | Declaration of Lawrence B. Goodman | A45 |
| Exhibit 7: | Declaration of Carole Downey | A49 |
| Exhibit 8: | Defendant's exchanges pursuant to RCFC Appendix A ¶ 13 | A51 |
| Exhibit 9: | Plaintiffs' exchanges pursuant to RCFC Appendix A ¶ 13 (excerpt) | A55 |
| Exhibit 10: | Defendant's Initial Disclosures pursuant to RCFC 26(a) (excerpt) | A58 |

**APPENDIX A**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-799 T

(Judge Christine O.C. Miller)

ROBERTO GAGLIARDI AND MARIA L. GAGLIARDI,

Plaintiffs

v.

THE UNITED STATES,

Defendant

DECLARATION OF JENNIFER DOVER SPRIGGS

I, Jennifer Dover Spriggs, am the attorney of the Tax Division, United States Department of Justice, assigned to defend this case, and I state as follows:

Attached hereto as the indicated exhibits are true and correct copies of the following documents produced in connection with this case:

Exhibit 1 - Plaintiffs' Initial Disclosures pursuant to RCFC 26(a) (excerpt);

Exhibit 2 - Plaintiffs' Response to Defendant's Interrogatories;

Exhibit 3- Excerpt from the Deposition Transcript of Maria L. Gagliardi;

Exhibit 4 - Excerpt from the Deposition Transcript of Roberto Gagliardi;

Exhibit 5 - Excerpt from the Deposition Transcript of Lawrence B. Goodman;

Exhibit 6 - Declaration of Lawrence B. Goodman;

Exhibit 7- Declaration of Carole Downey;

Exhibit 8 - Defendant's exchanges pursuant to RCFC Appendix A ¶ 13;

Exhibit 9 - Plaintiffs' exchanges pursuant to RCFC Appendix A ¶ 13 (excerpt);

Exhibit 10 - Defendant's Initial Disclosures pursuant to RCFC 26(a) (excerpt).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Washington, D.C., this 31st day of January 2008.

Jennifer Dover Spriggs
JENNIFER DOVER SPRIGGS

COURT OF FEDERAL CLAIMS
2007 JUN -4 PM 12: 04

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-799 T

(Judge Christine O.C. Miller)

ROBERTO GAGLIARDI AND MARIA L. GAGLIARDI,

Plaintiffs

v.

THE UNITED STATES,

Defendant.

PLAINTIFFS' INITIAL DISCLOSURES
PURSUANT TO RCFC 26(a)

Enclosed are Plaintiffs' initial disclosures pursuant to RCFC 26(a):

A. Plaintiffs concur with the government's list of individuals likely to have discoverable information:

1. Mr. Robert Gagliardi
102 Fourth Street
Wood-Ridge, NJ 07075

2. Ms. Maria L. Gagliardi
102 Fourth Street
Wood-Ridge, NJ 07075

3. Mr. Lawrence B. Goodman, C.P.A.
32-16 Broadway
Fairlawn, NJ 07410
Telephone: (201) 791-8300

PENGAD-Bayonne, N. J.
EXHIBIT
1

4. Ms Mary Wieme
Revenue Agent
Internal Revenue Service
165 Passaic Avenue
Fairfield, NJ 07004
Telephone: (973) 439-4083

B. Attached hereto as Exhibit B are copies of documents contained in our files for the periods in the lawsuit that are responsive to RCFC 26(a)(1)(B).

C. Plaintiffs have made no claim for damages other than their request for refund.

D. Plaintiffs do not anticipate calling any expert witnesses to present evidence at trial. Plaintiffs reserve the right to supplement this response if it is determined that the testimony of an expert witness is later deemed necessary.

Respectfully submitted,

FRANK AGOSTINO
CALO AGOSTINO, A PROFESSIONAL CORP.
Plaintiffs' Attorneys
14 Washington Place
Hackensack, NJ 07601
(201) 488-5400

Dated: June 1, 2007

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-799 T

(Judge Christine O.C. Miller)

ROBERTO GAGLIARDI AND MARIA L. GAGLIARDI

Plaintiffs

v.

THE UNITED STATES,

Defendant

PLAINTIFFS' RESPONSE TO DEFENDANT'S INTERROGATORIES

Plaintiffs, ROBERTO GAGLIARDI AND MARIA L. GAGLIARDI, answer the *United States' First Set of Interrogatories to Plaintiffs* dated, August 29, 2007, as follows:

**OBJECTIONS NOT WAIVED**

Plaintiffs answer these interrogatories without waiving or intending to waive: (a) the right to object, on the grounds of privilege, competency, relevance, materiality, or any other proper grounds, to the use of the information or documents described herein for any purpose, in whole or in part, in any subsequent step or proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery procedures involving or relating to the subject matter of these interrogatories; and (c) the right, at any time, to revise, correct, add to, or clarify any of the responses set forth herein.



PENGAD-Bayonne, N. J. EXHIBIT 2

# ANSWERS TO INTERROGATORIES

1. **Describe the procedures that were utilized during the periods in issue to record the income and expenses from plaintiffs' dental practice, including the name of the person(s) responsible for implementing the procedures.**

Response

The plaintiffs did not have any specific procedure to record income and expenses from their dental practice. They deposited all income to bank accounts and paid all expenses by check.

2. **State the date plaintiffs first became aware they had unreported income for the periods in issue.**

Response

Plaintiffs object to this interrogatory to the extent that it calls for a legal conclusion to the meaning of "unreported income" and because it assumes that there is unreported income

Notwithstanding these objections, the plaintiffs do not recall the exact date they became aware that they had unreported income for the periods in issue. However, they recall it was during the Internal Revenue Services' examination. The plaintiffs have a general recollection that their accountant, Lawrence B. Goodman, CPA, advised them about the unreported income at the conclusion of the IRS audit.

3. **Describe the financial and accounting books and records maintained for plaintiffs' dental practice during the periods in issue, including the name of the person(s) who prepare the books and records.**

Response

Plaintiffs object to this interrogatory to the extent it seeks information not within the

plaintiffs' personal knowledge.

Notwithstanding this objection, Mr. Goodman prepared the books and records for all the Gagliardis' business and personal tax matters.

All bank statements, internal ledgers, and other financial records were submitted to Mr. Goodman for the purpose of preparing true and correct tax returns.

The plaintiffs are not aware of Mr. Goodman's internal tax preparation method, or of how he used the documents the Gagliardis submitted to him.

The Gagliaridis did not withhold any financial information from Mr. Goodman.

Mr. Goodman maintained a reconciliation of bank deposits to income for all schedule Cs for the periods in issue as well as a Quickbooks reports showing attributable to income of the Gagliardis. See Plaintiffs' Discovery Production Bates No. 000025.

4. **State the address for each location where plaintiffs operated a dental office during the periods in issue.**

Response

Dr. Gagliardi operated two dental offices during the periods in issue:

1) Roberto Gagliardi at 716 Palisades Avenue, Union City New Jersey,07087; and

2) Family Dentistry of Fair Lawn, LLC, 17-71A River Road, Fairlawn, New Jersey 07410.

3) Restorative Dentistry, 32-16 Broadway, Fairlawn, New Jersey 07410.

5. **Identify each checking account which plaintiffs maintained during the periods in issue. For each account, state --**

**a. the name of the bank in which the account was maintained; and**

**b. whether the account was a personal account or a business account.**

Response

The following is a chart of the accounts that the plaintiffs maintained during the periods in issue.

| **Name** | Bank | Account Number | Personal or Business | Savings or Checking |
|---|---|---|---|---|
| Roberto Gagliardi | Kearny Federal Savings Bank | #006-912660-6 | Records do not distinguish | Checking |
| Roberto Gagliardi/Rita Gagliardi | Summit/Fleet Bank | #412-3035540 | Personal | Checking |
| Family Dentistry of Fair Lawn LLC | Bank of New York (transferred over from the Valley National Bank account below) | #610-5297805 | Business | Checking |
| Family Dentistry | Valley National Bank | #40542815 | Business | Checking |
| N/A | Fleet | #101176731 | Records do not distinguish | Checking |
| Restorative Dentistry | Bank of New York | #610657689 | Business | Checking |

| | | | | |
|---|---|---|---|---|
| Maria L. Gagliardi | Bank of America | To be supplied before the deposition | Personal | Checking |
| Roberto Gagliardi, DMD | Summit/Fleet Bank | #0101176732 | Business | Checking |

**6. If plaintiffs contend (Compl. ¶10) that they "did not commit fraud had no intention to evade taxes," then --**

**a. specify each fact which supports these contentions;**

**b. identify each person with knowledge of these facts and contentions; and**

**c. identify each document which evidences these facts and contentions.**

Response

The plaintiffs object to this interrogation to the extent it is overbroad and requires the plaintiffs to make a legal conclusion as to facts at their disposal. The plaintiffs' investigation is far from complete and the plaintiffs reserve the right to supplement this answer as further discovery warrants.

Notwithstanding the above objection, the plaintiffs contend that they did not commit fraud and had no intention to evade taxes.

Lawrence B. Goodman, C.P.A. scheduled an IRS audit meeting at his office and indicated that he would provide all relevant statements, payroll, and general ledger and Mary Wieme would have full access to the Gagliardis' office. See Plaintiffs' Discovery Production Bates No. 000006.

A third interview with the Internal Revenue Service ("IRS" hereinafter) took place at Lawrence B. Goodman, C.P.A.'s office. Additional non-taxable items were found at this meeting.

Ms. Wieme allowed a bank deposit of $20,000 to be labeled as a non-taxable loan from Mr. Gagliardi's father to Roberto Gagliardi based on a check supporting this explanation. See Plaintiffs' Discovery Production Bates No. 000083.

According to the IRS record, checks deposited into bank accounts that appear to be for payment of medical fees were presented to Mr. Goodman and Mr. Goodman said he would speak to the Gagliardis to identify that income. See Plaintiffs' Discovery Production Bates No. 000125.

Mr. Goodman never spoke to the Gagliardis regarding these checks.

In 1991, Lawrence B. Goodman, C.P.A. was already the Gagliardis' personal accountant.

Maria Gagliardi first employed Mr. Goodman in the 1970s. Her father previously used his services in his business.

Mr. Goodman filed Internal Revenue Service form 4868 application for automatic extension for the Gagliardis' 2003 form 1040. Their tax liability was estimated to be $5,841. See Plaintiffs' Discovery Production Bates No. 000059.

Mr. Goodman indicated to Mary Wieme that the Gagliardis would pay the tax bill in full when they received it. See Plaintiffs' Discovery Production Bates No. 0000130.

Lawrence B. Goodman, CPA; Roberto Gagliardi, Maria L. Gagliardi, and Mary Wieme have knowledge of these facts.

7. **If plaintiffs contend (Compl. ¶10) that they "never authorized their accountant to agree to a fraud penalty," then --**

   a. **specify each fact which supports these contentions;**

   b. **identify each person with knowledge of these facts and contentions; and**

   c. **identify each document which evidences these facts and contentions.**

Response

The plaintiffs never authorized Mr. Goodman to agree to a fraud penalty. See Plaintiffs' Discovery Production Bates No. 000078. See also Plaintiffs' Discovery Production Bates No. 000079 - 80.

Before going to Italy, the Gagliardis and Lawrence Goodman, CPA discussed the status of the case and Mr. Goodman stated that no meaningful progress would be made in the case while the Gagliardis were on vacation in Italy.

Mr. Goodman agreed to the fraud penalty while the Gagliardis were in Italy. See Plaintiffs' Discovery Production Bates No. 000079 - 80. See also Plaintiffs' Discovery Production Bates No. 000081.

By agreeing to a fraud penalty, Mr. Goodman avoided an increase in his professional malpractice insurance premium.

The Gagliardis and Mr. Goodman have knowledge of these facts.

Jo Ann Ewert, an Examination Operations Manager for the IRS was aware of these facts and contentions because she prepared a 105C letter to the Gagliardis denying their appeal for relief from the fraud penalty against them.

Nancy J. Aiello was also aware of these facts and contentions because the appeal was addressed to her since she was the field director of account management of the IRS office in Philadelphia when the appeal was filed.

Mary Wieme was aware of these facts.

8. **If plaintiffs contend (Compl. ¶¶ 12, 13) that they gave their accountant access to "all their books and records" and that "all of their income and records were provided to**

**the CPA and were available to him," then –**

**a. specify each fact which supports these contentions;**

**b. identify each person with knowledge of these facts and contentions; and**

**c. identify each document which evidences these facts and contentions.**

Response

The Gagliardis provided Mr. Goodman each record he requested of them.

Mr. Goodman was the only accountant the Gagliardis ever had.

The Gagliardis told Mr. Goodman about all accounts they had and provided him with all books, records, and financial information necessary for him to properly prepare their income tax returns.

The Gagliardis provided Mr. Goodman with deposit slips, bank statements, and cancelled checks from the banks referenced in answers to interrogatories 3 and 14.

The Gagliardis have known Mr. Goodman for three decades.

The Gagliardis had no reason to doubt Mr. Goodman's competence as a CPA.

Mr. Goodman's office was located in the same building as the Gagliardis' business, and all of their books and records were available to him.

The Gagliardis relied upon their family friend and adviser, Mr. Goodman to prepare true and accurate tax returns.

Until the end of 2000, Carole Downey served as the bookkeeper for the Gagliardis. She also did freelance work for Mr. Goodman.

The plaintiffs purchased two dental practices on Goodman's recommendation.

As the CPA for the buyers and the sellers, Goodman was intimately familiar with the operation of the two practices and of the taxpayers' original practice. See Plaintiffs' Discovery Production Bates No. 000139.

In preparation for the audit, the Gagliardis compiled all their financial records for Mr. Goodman's review. Mr. Goodman saw the records for the Kearney bank account, and stated that he did not need them. He gave these records back to the Gagliardis and took the rest of the records.

9. **If plaintiffs contend (Compl. ¶ 11) that the deficiencies determined by the IRS on audit for the periods in issue were attributable to income that their accountant, Lawrence B. Goodman, was aware of but failed to report on plaintiffs' tax returns, then –**

   a. **specify each fact which supports these contentions;**

   b. **identify each person with knowledge of these facts and contentions; and**

   c. **identify each document which evidences these facts and contentions.**

Response

If there was a deficiency for the tax periods in issue, the plaintiffs contend that the deficiencies determined by the IRS on audit for the periods in issue were attributable to income that Lawrence B. Goodman CPA was should have been aware of but failed to report on plaintiffs' tax returns.

The Gagliardis hired Mr. Goodman to compile the books and records of Robert Gagliardi's dental practice and to prepare the Gagliardi's tax returns for tax years 2000 and 2001. See Plaintiffs' Discovery Production Bates No. 000125.

As the Gagliardis' business and personal CPA, Mr. Goodman, was familiar with all aspects, sources, and repositories of the Gagliaridis' income and assets.

The Gagliardis furnished all bank statements and other pertinent financial information for tax years 2000 and 2001 to Mr. Goodman. The information they provided Mr. Goodman encompassed all their business and personal financial information.

The Form 4549 indicates that the Gagliardis' gross receipts were adjusted upward in the amount of $40,621.00 for income attributable to deposits made into the Kearney account. See Plaintiffs' Discovery Production Bates No. 000076.

The Examiner's Activity Record indicates the gross receipts were adjusted upward in the amount of $53,750.00 for income attributable to the Fleet Bank Account #0101176732 for tax year 2000. See Plaintiffs' Discovery Production Bates No. 0000154.

The IRS examining officer, Mary Wieme, saw a check from Kearney Federal Savings Bank deposited into one of the accounts and made an inquiry to Mr. Goodman about the account. Mr. Goodman stated that they were checks for the dental business and said he would discuss them with the Gagliardis. See Plaintiffs' Discovery Production Bates No. 000146.

Ms. Wieme and her manager discovered that business deposits were made into the Kearney bank account. See Plaintiffs' Discovery Production Bates No. 000125.

When the Kearney bank records were summoned, the IRS discovered that deposits were made into two personal bank accounts. See Plaintiffs' Discovery Production Bates No. 000125.

Mr. Goodman represented to the IRS that he had information with which he could respond to Ms. Wieme's Information Document Request dated May 21, 2001, but never contacted her again regarding this matter. See Plaintiffs' Discovery Production Bates No. 000121.

Ms. Wieme could not reconcile the general ledger to the bank deposits and to the tax returns. See Plaintiffs' Discovery Production Bates No. 000135.

**10. If plaintiffs contend (Compl. ¶ 15) that they were not informed that they faced a fraud penalty before Lawrence B. Goodman executed the Form 4549 agreeing to the penalties in issue, then –**

**a. specify each fact which supports these contentions;**

**b. identify each person with knowledge of these facts and contentions; and**

**c. identify each document which evidences these facts and contentions.**

Response

The Gagliardis were in Italy when Goodman agreed to the fraud penalty. See Plaintiffs' Discovery Production Bates No. 000078. See also Plaintiffs' Discovery Production Bates No. 000080-81.

Mr. Gagliardi expressly instructed Mr. Goodman not to conclude the case with the IRS before he returned from his trip to Italy. Mr. Gagliardi also told Mr. Goodman that he intended to retain an attorney to speak with the IRS.

On September 2, 2004, Mr. Goodman sent the Gagliardis a memorandum with a summary of outstanding taxes. Nowhere on this summary is a fraud penalty shown. Mr. Goodman listed all items as tax. See Plaintiffs' Discovery Production Bates No. 000253.

Mr. Goodman never discussed the implications of accepting a fraud penalty before he executed the Form 4549.

When the Gagliardis confronted Mr. Goodman with the fraud penalty, he claimed that the

IRS threatened them with jail. Roberto and Maria Gagliardi as well as Lawrence B. Goodman are aware of these contentions.

**11. If plaintiffs contend (Compl. ¶ 15) that their accountant, Lawrence B. Goodman, withheld information from the IRS auditor during the audit of the periods in issue, then –**

**a. specify each fact which supports these contentions;**

**b. identify each person with knowledge of these facts and contentions; and**

**c. identify each document which evidences these facts and contentions.**

Response

The Gagliardis do contend that their accountant, Lawrence B. Goodman withheld information from the IRS auditor during the audit period. The facts below support their contention.

Goodman was the Gagliardis' personal accountant before 1991.

The Gagliardis started their business in 1991.

The Gagliardis hired Lawrence Goodman, CPA, to compile the books and records of Robert Gagliardis' dental practice and to prepare the Gagliardi's tax returns for tax years 2000 and 2001.

Mr. Goodman was familiar with all aspects, sources and repositories of the Gagliardi's income and assets.

The Gagliardis purchased two dental practices on Mr. Goodman's recommendation. As the CPA for the buyers and the sellers, Goodman was intimately familiar with the operation of the two practices and of the plaintiffs original practice.

The Gagliaridis furnished all bank statements and other personal financial information for

tax years 2000 and 2001 to Mr. Goodman. The information they provided to Mr. Goodman encompassed all their business and personal information.

The Gagliardis' dental practice shared the same building as Goodman's accounting practice. Thus, he had easy access to all their financial records.

Upon learning that they would be audited, the Gagliardis told Mr. Goodman to fully cooperate with the IRS.

Mr. Goodman scheduled an appointment with IRS agent, Mary Wieme on 02/27/03 whereby he indicated he would have all statements, payroll, and general ledger materials available to her. See Plaintiffs' Discovery Production Bates No. 000037.

Mr. Goodman never provided these materials. See Plaintiffs' Discovery Production Bates No. 000037.

Mr. Goodman told Mary Wieme that he had information that provided an explanation for the understatement she claimed existed on the Gagliardis' 2001 and 2001 tax returns. See Plaintiffs' Discovery Production Bates No. 000121.

Mr. Goodman never contacted Ms. Wieme to provide her with the information. See Plaintiffs' Discovery Production Bates No. 000121.

In August 2003, Mary Wieme found bank accounts of the Gagliardis that had business deposits. See Plaintiffs' Discovery Production Bates No. 000146.

Ms. Wieme believed that Mr. Goodman was unaware of the personal accounts. See Plaintiffs' Discovery Production Bates No. 000146.

The Gagliardis instructed Mr. Goodman to fully cooperate with the IRS.

The Gagliardis and Mr. Goodman have personal knowledge of these facts.

12. **If plaintiffs contend that during the periods in issue their accountant, Lawrence B. Goodman, was aware of their checking account at Kearney Federal Bank, then –**

   a. **specify each fact which supports these contentions;**

   b. **identify each person with knowledge of these facts and contentions; and**

   c. **identify each document which evidences these facts and contentions.**

Response

During the periods in issue, Mr. Goodman was aware of the Gagliardis checking account at Kearney Federal Bank.

In 1991, the Gagliardis started a dental business. At the time Goodman was already their personal accountant.

Maria L. Gagliardi signed the Gagliardis' tax return for tax year 2000 Form 1040 and listed housewife as her occupation. See Plaintiffs' Discovery Production Bates No. 000006.

The Gagliardis made $36,705.21 in deposits to their Kearny Federal Savings account # 0069126606 in 2001. See Plaintiffs' Discovery Production Bates No. 000115.

The Gagliardis reported $885,945.00 as total income on the Gagliardis' 2001 tax return.

Maria L. Gagliardi signed the Gagliardis' tax return for tax year 2001 Form 1040 and listed housewife as her occupation. See Plaintiffs' Discovery Production Bates No. 000189.

13. **State whether plaintiffs deposited receipts from their dental practice into a personal checking account during the periods in issue. If the answer is in the affirmative, state–**

a. **the reason the dental receipts were deposited into a personal rather than a business account; and**

b. **whether the accountant, Lawrence B. Goodman, was aware of this practice; and if so, identify each document which supports this contention.**

Response

The Gagliardis deposited dental receipts into their Kearney bank account during the periods in issue.

The Gagliardis commingled their personal and business finances.

The reason they deposited the dental receipts into a personal rather than a business account was that they believed that since they filed only one tax return, the accountant, Mr. Goodman, would capture all income, anyway.

Lawrence B. Goodman was aware of this practice because he had been the Gagliardis' accountant since Dr. Roberto Gagliardi began his practice in 1991.

In addition, the Gagliardis provided all books and records that were necessary to report all income to Goodman so that he could properly complete their tax returns for the periods in issue. See Plaintiffs' Discovery Production Bates No. 000079.

14. **State whether during the periods in issue plaintiff maintained business checking account(s) for his dental practice. If the answer is in the affirmative, state–**

a. **the identity of each business checking account; and**

b. **the name of the bank in which each account was maintained.**

Response

Mr. Gagliardi maintained several checking accounts during the periods in issue.

Under the business name "Family Dentistry of Fair Lawn LLC" he maintained a checking account #610-5297805 at the Bank of New York, whose legal department is located at 123 Main Street, White Plains, NY 10601.

"Family Dentistry" maintained a checking account #40542815 at Valley National Bank, located at 1455 Valley Road, Wayne New Jersey 07470. This checking account was transferred over to the Bank of New York account shown above.

Roberto Gagliard DMD maintained an account #0101176732 at Fleet Bank, located at 3109 Bergenline Avenue, Union City, New Jersey 07087.

**15. With respect to the accountant, Lawrence B. Goodman, state–**

**a. the number of years Mr. Goodman prepared their individual income tax returns;**

**b. whether Mr. Goodman did any accounting work for the dental practice during the periods in issue; and if so, explain the nature of the work he performed;**

**c. identify the books and records which plaintiffs provided to Mr. Goodman in connection with the preparation of their income tax returns for the periods in issue.**

<u>Response</u>

Mr. Goodman prepared the income tax returns for Maria L. Gagliardi since 1979 until 2002, when he prepared the 2001 tax return for the Gagliardis.

Mr. Goodman prepared their tax returns during the periods in issue.

Mr. Goodman was the only accountant the Gagliardis ever had.

Mr. Goodman was aware of all accounts the Gagliardis had and they provided him with all books and records in order for him to properly prepare their income tax returns.

The Gagliardis provided Mr. Goodman with deposit slips from banks referenced in answers to interrogatories 3 and 14; bank statements; and cancelled checks.

**16. State whether separate financial books, records, spreadsheets or worksheets were maintained for the dental practice at the Union City location during the periods in issue. If the answer is affirmative, then –**

**a. describe the books and records which were maintained;**

**b. identify the person(s) who prepared the documents; and**

**c. State whether these documents were provided to Lawrence B. Goodman in connection with the preparation of plaintiffs' income tax returns for the periods in issue.**

Response

Separate financial books, records, spreadsheets, or worksheets were not maintained for the dental practice at the Union City location during the periods in issue. Mr Goodman, CPA, compiled the books for Mr Gagliardi's dental offices for those periods and may have set up separate books and financial records for the Union City location, so the proper person to ask would be Mr. Goodman.

**17. If plaintiffs contend that their accountant, Lawrence B. Goodman knew that they deposited receipts from their dental practice at the Union City location into a personal checking account(s), then –**

a. **specify each fact which supports this contention;**

b. **identify each person with knowledge of these facts and contentions; and**

c. **identify each document which evidences these facts and contentions.**

Response

Mr. Goodman reported income from Maria Gagliardi's Summit/Fleet Bank Account #0201330164 in the amount of $55,429.00. See Plaintiffs' Discovery Production Bates No. 000154.

Maria Gagliardi was a housewife. See Plaintiffs' Discovery Production Bates No. 000006.

Mr. Goodman's website indicates that he is a specialist in the accounting of dental practices. See www.lbgcpas.com.

**18. Identify each document plaintiffs intend to offer as evidence at the trial of this case. For each document, state –**

a. **the purpose for which it will be offered; and**

b. **each person who will testify with respect to the document and the purpose of the testimony.**

Response

The plaintiffs have not yet determined what documents they intend to offer as evidence at trial. Any documents produced by the plaintiffs Freedom of Information Act requests, documents produced through discovery, and documents provided by Mr. Goodman may be offered as evidence.

At the present time the plaintiffs know of only four people who have relevant knowledge regarding the documents in this case: Roberto Gagliardi, Maria L. Gagliardi, Lawrence B.

Goodman, and Mary Wieme.

**19. Please identify each person with knowledge of the facts relevant to the issues presented in the complaint, including a brief description of the facts known by each such person.**

Response

**Roberto Gagliardi** - Mr. Gagliardi has knowledge of facts surrounding the Gagliardis professional relationship with Mr Goodman, the documents made available to Mr. Goodman for the preparation of the tax returns for the periods in issue, and any communication between Mr. Goodman and the Gagliardis concerning the fraud penalty.

**Maria L. Gagliardi** - Mrs. Gagliardi has knowledge of facts surrounding the Gagliardis professional relationship with Mr Goodman, the documents made available to Mr. Goodman for the preparation of the tax returns for the periods in issue, and any communication between Mr. Goodman and the Gagliardis concerning the fraud penalty.

**Lawrence B. Goodman, CPA** - Mr. Goodman has knowledge of the facts surrounding his professional relationship with the Gagliardis, all documents the Gagliardis provided to him for the preparation of their tax returns for the periods in issue, the process by which he prepared the tax returns, any communications he had with the IRS regarding the Gagliardis, and any communications with the Gagliardis regarding the fraud penalty.

**Mary Wieme** - Ms. Wieme has knowledge of the facts surrounding the investigation of the Gagliardis, and Mr. Goodman's interactions and communications with the IRS on behalf of the Gagliardis.

Respectfully submitted,

FRANK AGOSTINO
Attorney of Record
Calo Agostino, PC
14 Washington Place
Hackensack, NJ 07601
(201) 488-5400 ext. 107
(201) 488-5855 (facsimile)

Attorneys for Plaintiffs

September 28, 2007

CERTIFICATE OF SERVICE

I certify that service of the Plaintiff's Interrogatories Set No. 1 has, this 29th day of September 2007, been made on opposing counsel by mailing the original thereof, by Federal Express to the following address:

Jennifer Dover Spriggs
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044

Frank Agostino, Esquire
Calo Agostino, PC
14 Washington Place
Hackensack, New Jersey 07601

**CERTIFICATION**

Maria L. Gagliardi, who is a Plaintiff, does hereby certify and say that the foregoing answers to interrogatories are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DATED:

These interrogatories are propounded by
CALO AGOSTINO, P.C.

Attorneys for Plaintiff

BY:__________________________
Anica John

**CERTIFICATION**

Roberto Gagliardi, who is a Plaintiff, does hereby certify and say that the foregoing answers to interrogatories are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

____________________________

DATED:

These interrogatories are propounded by
CALO AGOSTINO, P.C.

Attorneys for Plaintiff

BY:__________________________
Anica John

**CERTIFICATION**

I, Maria L. Gagliardi, who is a Plaintiff, does hereby certify under oath and under penalty of perjury that the foregoing answers to interrogatories are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DATED: ______________________

These interrogatories are propounded by CALO AGOSTINO, P.C.

Attorneys for Plaintiff

**CERTIFICATION**

I, Robert Gagliardi, who is a Plaintiff, does hereby certify under oath and under penalty of perjury that the foregoing answers to interrogatories are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DATED: ______________________

These interrogatories are propounded by CALO AGOSTINO, P.C.

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

----------------------------x

ROBERTO GAGLIARDI :
and :
MARIA L. GAGLIARDI, :

Plaintiffs :

v. : CASE NO.: 06-799 T

UNITED STATES OF AMERICA :

Defendant :

----------------------------x

165 Passaic Avenue
2nd Floor
Fairfield, New Jersey

Thursday, October 18, 2007

Deposition of:

MARIA L. GAGLIARDI,

a Plaintiff, called for examination by counsel for the Defendant, pursuant to notice and agreement as to time and place, at the United State's Attorney's Office, Fairfield, New Jersey, before Natasha Clermont, a Notary Public, where were present on behalf of the respective parties:

PENGAD-Bayonne, N. J.
EXHIBIT
3

A P P E A R A N C E S

On Behalf of the Plaintiff:

ANICA JOHN, ESQUIRE
14 Washington Place
Hackensack, New Jersey 07601
201-488-5400

On Behalf of the Defendant:

JENNIFER SPRIGGS, ESQUIRE
Assistant United States Attorney
United States Attorney's Office
USDOJ Tax Division Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, DC 20044

together. We really never had books, per say.

Q. Okay. So at the Union City location, you kept records of the payroll?

A. Correct.

Q. Did you also keep records of the receipts that you received?

A. No.

Q. Was there someone -- was there another employee, then, who kept the books and records for the business?

A. I don't know.

MS. SPRIGGS: Would you mark this as Deposition Exhibit 3?

(M. Gagliardi Deposition Exhibit Number3 marked for identification.)

BY MS. SPRIGGS:

Q. And this is the Form 1040 for 2001. And are you familiar with that document?

A. I've seen it.

Q. And did you sign that document?

A. Yes.

Q. Okay. Did you review the Form 1040 with your accountant before --

A. No.

Q. -- you signed it?

A. No.

**STATEMENT OF CHANGES**

I, Maria L. Gagliardi, have read the transcript of my deposition and see no need for any corrections.

Maria L. Gagliardi

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ORIGINAL

---------------------------x

ROBERTO GAGLIARDI :
and :
MARIA L. GAGLIARDI, :

Plaintiffs :

v. : CASE NO.: 06-799 T

UNITED STATES OF AMERICA :

Defendant :

---------------------------x

165 Passaic Avenue
2nd Floor
Fairfield, New Jersey

Thursday, October 18, 2007

Deposition of:

ROBERTO GAGLIARDI,

a Plaintiff, called for examination by counsel for the Defendant, pursuant to notice and agreement as to time and place, at the United State's Attorney's Office, Fairfield, New Jersey, before Natasha Clermont, a Notary Public, where were present on behalf of the respective parties:

EXHIBIT
4

PENGAD-Bayonne, N. J.

A P P E A R A N C E S

On Behalf of the Plaintiff:

ANICA JOHN, ESQUIRE
14 Washington Place
Hackensack, New Jersey 07601
201-488-5400

On Behalf of the Defendant:

JENNIFER SPRIGGS, ESQUIRE
Assistant United States Attorney
United States Attorney's Office
USDOJ Tax Division Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, DC 20044

Q. You explained that to Mr. Goodman?

A. Um-hmm.

Q. Before the tax return was filed for 2000?

A. Correct.

Q. And 2001?

A. Correct.

Q. And at the time the 2000 return was prepared, you gave -- what did you give Mr. Goodman in terms of books and records for Union City?

A. He knew all income. Like I said before, he had access to my stubs, to my deposits, and basically that's it. I mean, that's all I ever gave him.

Q. So you gave him information about the Kearny bank account?

A. Sure.

Q. Before the 2000 return was filed?

A. Sure.

Q. And before the 2001 return was filed?

A. Yes.

Q. What did he do with that information?

A. I have no idea. Apparently, not what he was supposed to.

Q. Was there someone who worked in your office named Carol Downing (phonetic)?

A. Yes.

Q. Okay. Who is she?
A. She was a bookkeeper that also worked for Larry.
Q. Did she work at a specific location?
A. Yes, River Road.
Q. Okay. And what did she do there?
A. Bookkeeping. She basically -- her bookkeeping was basically payroll and paying my bills from the office.
Q. Would she have knowledge about the Union City location?
A. No.
Q. Would she have knowledge about the Kearny Bank?
A. No.
Q. Did she get involved with the audit to your knowledge?
A. Not to my knowledge.
Q. If you could turn to Exhibit 3, it's your Form 1040 for 2001, and are you familiar with that document?
A. It's my tax return.
Q. Okay. Did you sign that return?
A. Yes, I did.
Q. And it was prepared by -- who prepared the return?
A. Larry Goodman.
Q. Did you go over this return with Mr. Goodman before you filed it?

**STATEMENT OF CHANGES**

I, Robert Gagliardi, have read the transcript of my deposition and hereby make the following corrections by reason of accuracy:

1. On page 5, Line 21, the year should be 1988;

2. On page 24, Line 3, the word "I" should be substituted for "it";

3. On page 33, Line 22, the word "say" should be substituted for "day"; *and*

4. On page 37, Line 12, the word "without" should be substituted for "with."

Robert Gagliardi

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ORIG

---------------------------x

ROBERTO GAGLIARDI
and
MARIA L. GAGLIARDI,

Plaintiffs

v.

UNITED STATES OF AMERICA

Defendant

CASE NO.: 06-799 T

---------------------------x

165 Passaic Avenue
2nd Floor
Fairfield, New Jersey

Thursday, October 18, 2007

Deposition of:

LAWRENCE B. GOODMAN,

a witness, called for examination by counsel for the Defendant, pursuant to notice and agreement as to time and place, at the United State's Attorney's Office, Fairfield, New Jersey, before Natasha Clermont, a Notary Public, where were present on behalf of the respective parties:

PENGAD-Bayonne, N. J.
EXHIBIT
5

A P P E A R A N C E S

On Behalf of the Plaintiff:

ANICA JOHN, ESQUIRE
14 Washington Place
Hackensack, New Jersey 07601
201-488-5400

On Behalf of the Defendant:

JENNIFER SPRIGGS, ESQUIRE
Assistant United States Attorney
United States Attorney's Office
USDOJ Tax Division Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, DC 20044

A. Dr. Gagliardi had purchased a practice called Restorative Dentistry, which subsequently became Fair Lawn Family -- Family Dentistry of Fair Lawn.

Q. So he purchased it in 2000?

A. 2000, yes.

Q. So who prepared the ledgers here?

A. Those ledgers were prepared in my office.

Q. Okay. And they were prepared based on --

A. The records that were given to us by Dr. Gagliardi.

Q. Okay. 42 -- Exhibit 42 is the General Ledger for Fair Lawn -- Family Dentistry of Fair Lawn and it's for the -- which year?

A. This is 2000. It's all 2000.

Q. And who prepared those --

A. They are prepared in my office.

Q. Based on --

A. Books and records that were given to me by Dr. Gagliardi.

Q. Okay.

A. Now, these are prepared by his bookkeeper. This is prepared by his bookkeeper.

Q. And who is -- who was his bookkeeper?

A. His bookkeeper was Carol Downey (phonetic).

Q. So she prepared a general ledger for this

location?

A. Yeah.

Q. Did she prepare books and records for other locations?

A. I don't know. I don't think so.

Q. Exhibit 43 was the General Ledger for Robert Gagliardi, DMD. It says Union City?

A. Yes.

Q. And who prepared these?

A. These, I believe, are -- we prepared them from bank statements as provided. This is our stuff and this is ours. This, this is provided by Dr. Gagliardi and this is stuff that we do.

Q. So this is what Dr. Gagliardi provided to you --

A. Yes.

Q. -- when you were preparing his return?

A. Yes -- provides it before hand and we prepare the Schedule C from that information.

Q. Okay. So this, this is the General Ledger for Union City that Dr. Gagliardi prepared, and would this show the income?

A. I believe it should. Yes, it shows the deposits.

Q. Okay. And was that information accurate?

A. As far as I know, yes.

Q. As far as you know --

**ERRATA SHEET**

Deposition of: Lawrence B. Goodman

Date: 10/18/07

I, LAWRENCE B. GOODMAN, wish to make the following changes in the testimony as originally given:

| PAGE | LINE | AS TRANSCRIBED | CHANGE TO |
|---|---|---|---|
| 10 | 14 | A PARTNER | PARTNERS |
| 11 | 11 | WOULD | COULD |
| 15 | 16 | LINE | ? |
| 16 | 7 | RETURNS — | WERE PREPARED |
| 24 | 14 | COMPLIES | COMPLY |
| 26 | 10 | THEY | THERE |
| 35 | 22 | SERVERS | SOFTWARE |
| 38 | 1 | EMANUEL | MANUEL |
| | | | |
| | | | |
| | | | |

CORRECTION: SOME BOOKKEEPING WAS DONE BY CAROL DOWNEY, A BOOKKEEPING SERVICE PROVIDER, AND PRESENTED TO MY FIRM.

DATED: 11/20/07 SIGNED: [signature]

## ACKNOWLEDGMENT OF DEPONENT

I, Lawrence B Goodman do hereby acknowledge that I have read and examined pages 1 through 39 inclusive, of the transcript of my deposition, and that: (check appropriate line.)

✓ The same is a true, correct and complete transcription of the answers given by me to the questions therein recorded.

✓ Except for the changes noted on the attached errata sheet, the same is a true, correct and complete transcription of my deposition.

**Dated:** 12/20/07 **Signed:** L B Goodman

NOTARY PUBLIC

State of NJ
County of Bergen

On this 20th day of December, 2007, before me, the undersigned officer, personally appeared __________, known to me (or satisfactorily proven) to be the person whose name is subscribed to within the instrument and acknowledged that he/she executed the same for the purposes therein contained.

In witness hereof I hereunto set my hand and official seal.

[signature]
Notary Public
My Commission Expires:

NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES OCTOBER 24, 2010

RECEIVED
COURT OF FEDERAL
CLAIMS SECTION
2008 JAN 25 PM 3:30

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-799 T

(Judge Christine O.C. Miller)

ROBERTO GAGLIARDI AND MARIA L. GAGLIARDI,

Plaintiffs

v.

THE UNITED STATES,

Defendant

# DECLARATION OF LAWRENCE B. GOODMAN

I, Lawrewnce B. Goodman, state as follows:

1. I am a C.P.A. and I prepared the income tax returns for Roberto and Maria Gagliardi for the tax years 2000 and 2001.

2. On October 18, 2007, I provided deposition testimony in connection with the instant action. I was given a copy of the transcript of the deposition which I reviewed. On December 20, 2007, I forwarded to counsel for the United States an errata sheet (a copy of which is attached hereto as Exhibit A) setting forth my changes to the deposition testimony as originally given.

3. I was out of the office from December 20, 2007, through January 14, 2008. Counsel for the United States contacted me on January 14, 2008, to schedule a conference call to discuss the reference to Carol Downey, a bookkeeping service provider, in the errata sheet to my deposition.



EXHIBIT
6

PENGAD-Bayonne, N.J.

4. On January 15, 2008, I participated in a telephone conference with counsel for the United States and during that conference I provided contact information for Carol Downey.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Fairlawn, New Jersey, this 23 day of January 2008.

LAWRENCE B. GOODMAN

## ERRATA SHEET

Deposition of: Lawrence B. Goodman

Date: 10/18/07

I, LAWRENCE B. GOODMAN, wish to make the following changes in the testimony as originally given:

| PAGE | LINE | AS TRANSCRIBED | CHANGE TO |
|---|---|---|---|
| 10 | 14 | A PARTNER | PARTNERS |
| 11 | 11 | WOULD | COULD |
| 15 | 16 | LINE | ? |
| 16 | ✓ | RETURNS — | WERE PREPARED |
| 24 | 14 | COMPLIES | COMPLY |
| 26 | 10 | THEY | THERE |
| 35 | 20 | SERVERS | SOFTWARE |
| 38 | 1 | EMANUEL | MANUEL |

CORRECTION: SOME BOOKKEEPING WAS DONE BY CAROL DOWNEY, A BOOKKEEPING SERVICE PROVIDER, AND PRESENTED TO MY FIRM

DATED: 11/20/07 SIGNED: [signature]

DEFENDANT'S EXHIBIT A

## ACKNOWLEDGMENT OF DEPONENT

I, Lawrence B Goodman do hereby acknowledge that I have read and examined pages 1 through 39 inclusive, of the transcript of my deposition, and that: (check appropriate line.)

✓ The same is a true, correct and complete transcription of the answers given by me to the questions therein recorded.

✓ Except for the changes noted on the attached errata sheet, the same is a true, correct and complete transcription of my deposition.

**Dated:** 12/20/07 **Signed:** [signature]

NOTARY PUBLIC

State of NJ
County of Bergen

On this 20th day of December, 2007, before me, the undersigned officer, personally appeared ________, known to me (or satisfactorily proven) to be the person whose name is subscribed to within the instrument and acknowledged that he/she executed the same for the purposes therein contained.

In witness hereof I hereunto set my hand and official seal.

[signature]
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES OCTOBER 24, 2010

Notary Public
My Commission Expires:

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-799 T

(Judge Christine O.C. Miller)

ROBERTO GAGLIARDI AND MARIA L. GAGLIARDI,

Plaintiffs

v.

THE UNITED STATES,

Defendant

DECLARATION OF CAROLE DOWNEY

I, Carole Downey, state as follows:

1. I own an independent bookkeeping service and from July 28, 1999, through September 30, 2001, I was retained by Roberto Gagliardi to do the bookkeeping for his dental practice.

2. On October 11, 2001, I moved to Arizona. I now operate a bookkeeping business in Phoenix, Arizona.

3. On January 16, 2008, I participated in a telephone conference with counsel for the United States in which I explained that during the time that I was retained by Dr. Gagliardi I prepared the books and records for each of his dental offices.



PENGAD-Bayonne, N. J.
EXHIBIT
7

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Phoenix, Arizona, this 24th day of January 2008.

CAROLE DOWNEY

[-2-]

U.S. Department of Justice

Tax Division

*Please reply to: Court of Federal Claims Section*
*P.O. Box 26*
*Ben Franklin Station*
*Washington, D.C. 20044*

*Facsimile No. (202) 514-9440*
*Trial Attorney: Jennifer Dover Spriggs*
*Attorney's Direct Line: (202) 307-0840*

RTM:DG:GRS:JDSpriggs JDS
154-2548
CMN 2007101075

DEC 20 2007

**VIA FACSIMILE AND MAIL**

Frank Agostino, Esquire
Calo Agostino, A Professional Corp.
14 Washington Place
Hackensack, New Jersey 07601

Re: Roberto Gagliardi and Maria L. Gagliardi v. United States,
Fed. Cl. No. 06-799 T

Dear Mr. Agostino:

Pursuant to ¶ 13 of RCFC Appendix A, the defendant has identified the following exhibits:

Exhibit 1: Form 1040, U.S. Individual Income Tax Return for 2000;

Exhibit 2: Form 1040, U.S. Individual Income Tax Return for 2001;

Exhibit 3: Form 843, Claim for Refund for tax period ending December 31, 2000;

Exhibit 4: Form 843, Claim for Refund for tax period ending December 31, 2001;

Exhibit 5: Notice of Disallowance dated December 9, 2004;

Exhibit 6: Notice of Disallowance dated June 1, 2005;

Exhibit 7: Certificate of Assessments and Payments for tax period ending December 31, 2000;

Exhibit 8: Certificate of Assessments and Payments for tax period ending December 31, 2001;

Exhibit 9: Form 870, Waiver of Restrictions on Assessment and Collection of Deficiency In Tax and Acceptance of Overassessment;

EXHIBIT 8

PENGAD-Bayonne, N. J.

Exhibit 10: Form 4549 - Income Tax Examination Changes dated July 7, 2004;

Exhibit 11: Form 2848 - Power of Attorney for tax year 2000;

Exhibit 12: Form 2848 - Power of Attorney for tax year 2001;

Exhibit 13: Draft Form 4549 dated June 16, 2004;

Exhibit 14: Draft Form 4549 dated June 18, 2004;

Exhibit 15: Draft Form 4549 dated June 22, 2004;

Exhibit 16: Excerpts from plaintiff's responses to Defendant's First Request for Production of Documents;

Exhibit 17: Excerpts from plaintiff's responses to Defendant's Interrogatories - Set No. 1;

Exhibit 18: Copy of airline ticket for plaintiffs;

Exhibit 19: IRS summary of bank deposits for 2000;

Exhibit 20: IRS summary of bank deposits for 2001;

Exhibit 21: Bank records from Kearny Federal Savings Bank re: account no. 69126606;

Exhibit 22: Bank records from Bank of America, formerly Fleet National Bank re: account nos. 412-3035540 and 0201330164;

Exhibit 23: Bank records from Bank of New York re: account nos. 6105297805 and 610657689;

Exhibit 24: Bank records from Valley National Bank re: account no. 40542815;

Exhibit 25: Excerpts from records produced by Lawrence Goodman pursuant to subpoena;

Exhibit 26: Form 872, Consent to Extend Time To Assess Tax for tax year 2000.

Copies of the bank records (Exhibits 21-24) will be provided under separate cover to the extent they are not currently in plaintiffs' possession. The remaining documents referenced above are currently in plaintiffs' possession or have been previously provided to plaintiffs.

Pursuant to ¶ 13 of RCFC Appendix A, the defendant has identified the following witnesses:

1. Roberto Gagliardi

Mr. Gagliardi may testify about his dental practice and the depositing of dental receipts into his personal accounts. Mr. Gagliardi may testify about the preparation of his tax returns for 2000-2001, including the records requested by Lawrence Goodman and the records he provided. Mr. Gagliardi may also testify about and his representation by Lawrence Goodman during the IRS audit for 2000-2001. (Expected time for direct examination: 4.0 hours.)

2. Maria Gagliardi

Ms. Gagliardi may testify about her role in the dental practice and the depositing of dental receipts into her personal accounts. Ms. Gagliardi may testify about the preparation of her tax returns for 2000-2001, including the records requested by Lawrence Goodman and the records she provided. Ms. Gagliardi may also testify about and her representation by Lawrence Goodman during the IRS audit for 2000-2001. (Expected time for direct examination: 4.0 hours.)

3. Lawrence Goodman
32-16 Broadway
Fairlawn, New Jersey 07410
(201) 791-8300

Mr. Goodman may testify about the preparation of plaintiffs' returns for 2000-2001, including the records he requested and the records plaintiffs provided. Mr. Goodman may testify about plaintiffs' business and personal bank accounts and his lack of knowledge about plaintiffs' practice of commingling business and personal income. Mr. Goodman may also testify about his representation of plaintiffs during the IRS audit for 2000-2001, including his authorization to agree to the civil fraud penalty for those years. (Expected time for direct examination: 4.0 hours.)

4. Mary Wieme
   Internal Revenue Service
   165 Passaic Ave
   Group 1402
   Fairfield, NJ 07004-3567
   (973) 439-4083

Mary Wieme may testify about the IRS audit of plaintiffs' 2000-20001 tax years. She may testify about the calculation of unreported income determined for tax years 2000-2001. Ms. Wieme may also testify about IRS communications with plaintiffs and with plaintiffs' authorized representative during the audit. (Expected time for direct examination: 1.0 hours.)

Sincerely yours,

RICHARD T. MORRISON
Acting Assistant Attorney General
Tax Division

By: [signature]

DAVID GUSTAFSON
Chief, Court of Federal Claims Section

CALO AGOSTINO
A PROFESSIONAL CORPORATION
COUNSELORS AT LAW
14 WASHINGTON PLACE
HACKENSACK, NEW JERSEY 07601

(201) 488-5400 ext. 125

FAX

(201) 488-5855

PLEASE REPLY TO NJ OFFICE

NEW YORK OFFICE
500 KINGSLAND AVENUE
BROOKLYN, NEW YORK 11222
(718) 389-2427

DENNIS CALO
FRANK AGOSTINO*

* Admitted NJ and NY

DOLORES C. KNUCKLES*
JULIA MOORE*
JAMES J. BONICOS*
ANTHONY F. VALENTE*
EDWARD CHUNG*
ANICA JOHN
S. ERICA SON*
STEVEN BASHKER

RUEVEN MULLER
JEREMY KLAUSNER

DARRYL T. GARVIN*
BEVERLY M. WURTH
OF COUNSEL

* ADMITTED IN NJ AND NY

December 19, 2007

***Via Facsimile and Electronic Mail***

Jennifer Dover Spriggs, Esq.
Department of Justice
Court of Federal Claims Section
555 4th Street, N.W., Room 8804
Washington, DC 20001

RE: Roberto Gagliardi and Maria Gagliardi v. United States
Docket #: 06-799 T
Calo Agostino File No.: 4205

Dear Ms. Spriggs:

Pursuant to Appendix A, Section VI (13) of the Court of Federal Claims, I am enclosing the following documents prior to our meeting of counsel tomorrow, December 20, 2007 at 3pm:

1. List of Witnesses we intend to call at trial;

2. Plaintiffs' Proposed Findings of Fact;

EXHIBIT
9
PENGAD-Bayonne, N. J.

3. List of exhibits with a description for each exhibit; *and*

4. Copies of all exhibits we intend to use at trial.

I look forward to speaking with you tomorrow.

Sincerely,

Anica John

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

No. 06-799 T

(Judge Christine O.C. Miller)

ROBERTO GAGLIARDI AND MARIA L. GAGLIARDI,

Plaintiffs

v.

THE UNITED STATES,

Defendant

---

PLAINTIFF'S LIST OF WITNESSES

---

Pursuant to Appendix A, Section VI (13) of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiffs hereby present their list of witnesses.

1. Roberto Gagliardi
102 Fourth Street
Wood-Ridge, NJ 07075
(201) 507-8993

   Roberto Gagliardi will testify to facts 1 - 21 in the Plaitniffs Proposed Findings of Fact. Mr. Gagliardi will testify for approximately two hours on direct examination.

2. Maria L. Gagliardi
102 Fourth Street
Wood-Ridge, NJ 07075
(201) 507-8993

   Maria Gagliardi will testify to facts 1 - 21 in the Plaitniffs Proposed Findings of Fact. Mrs. Gagliardi will testify for approximately two hours on direct examination.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-799 T

(Judge Christine O.C. Miller)

ROBERTO GAGLIARDI AND MARIA L. GAGLIARDI,

Plaintiffs

v.

THE UNITED STATES,

Defendant

# DEFENDANT'S INITIAL DISCLOSURES PURSUANT TO RCFC 26(a)

MAY - 7 2007

Pursuant to RCFC 26(a), the United States hereby submits its initial disclosures.

A. Individuals likely to have discoverable information.

1. Mr. Roberto Gagliardi
   102 Fourth Street
   Wood-Ridge, New Jersey 07075

2. Mrs. Maria L. Gagliardi
   102 Fourth Street
   Wood-Ridge, New Jersey 07075



EXHIBIT
tabbles
10

3. Mr. Lawrence B. Goodman, C.P.A.
   32-16 Broadway
   Fairlawn, New Jersey 07410
   Telephone: (201) 791-8300

4. Ms. Mary Wieme
   Revenue Agent
   Internal Revenue Service
   165 Passaic Avenue
   Fairfield, New Jersey 07004-3567
   Telephone: (973) 439-4083

B. Attached hereto as Exhibit A (Bates Nos. 1-686) are copies of documents contained in plaintiffs' administrative file for the periods in suit which are responsive to RCFC 26(a)(1)(B).

C. Defendant has not asserted any claim of damages in this action and therefore no computation has been prepared pursuant to RCFC 26(a)(1)(C).

D. Defendant does not anticipate calling any expert witness to present evidence at trial. Defendant reserves the right to supplement this response if it is determined that the testimony of an expert witness is to be offered at trial.

Respectfully submitted,

Jennifer Dover Spriggs

JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0840

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
GEORGE R. STEWART
Reviewer

Of Counsel

May 7, 2007