IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-799 T

(Judge Christine O.C. Miller)

ROBERTO GAGLIARDI AND MARIA L. GAGLIARDI,

Plaintiffs

v.

THE UNITED STATES,

Defendant

PLAINTIFFS' PROPOSED FINDINGS OF FACT

Pursuant to Appendix A, Section VI (13) of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiffs hereby present their proposed findings of fact.

A. **Mr. Goodman had a longstanding relationship with the Gagliardis, served as their CPA and advisor since the 1970s, and had access to their financial records**.

1. Mr. Goodman was Maria Gagliardi's father's CPA. Maria Gagliardi will testify to this fact.

2. Mr. Goodman was the CPA for Roberto and Maria Gagliardi from the mid-1970s to 2004. Roberto and Maria Gagliardi will testify to this fact.

3. Roberto Gagliardi is a dentist. Roberto Gagliardi will testify to this fact.

4. Maria Gagliardi is a homemaker. Maria Gagliardi will testify to this fact.

5. Mr. Goodman is a licensed Certified Public Accountant in the state of New Jersey. Exhibits G, H, and J support this fact.

6. Mr. Goodman recommended and performed all the due diligence necessary for the purchase of two of Roberto Gagliardi's dental practices. Roberto Gagliardi will

testify to this fact.

7. Beginning in or about 2001, Mr. Goodman's professional office was located in the same building as Mr. Gagliardi's dental practice. Roberto Gagliardi will testify to this fact, and Exhibit N supports this fact.

**B. Mr. Goodman agreed to the civil fraud penalty on the Gagliardis' behalf without their knowledge or consent.**

8. Mr. Goodman prepared and signed the Plaintiffs' 2000 and 2001 tax returns. Exhibits A and B support this fact.

9. Mr. Goodman represented the Gagliardis before the IRS. Exhibits G, H, and J support this fact.

10. Mr. Gagliardi made both business and personal deposits into the Gagliardis' bank accounts. Roberto Gagliardi will testify to this fact.

11. Mary Wieme was the Revenue Agent assigned to the Gagliardis' audit. Exhibit E supports this fact.

12. Mary Wieme never spoke directly to the Gagliardis at any point during the audit. Roberto and Maria Gagliardi will testify to this fact. Exhibit C supports this fact.

13. No IRS employee spoke directly to the Gagliardis at any point during the audit. Roberto and Maria Gagliardi will testify to this fact. Exhibit C supports this fact.

14. Mr. Goodman signed the IRS form 872 and agreed to extend the period for assessing additional taxes against the Plaintiffs for tax year 2000 until December 31, 2004. Exhibit L supports this fact. Exhibit C supports this fact.

15. The IRS reviewed deposit slips of all bank accounts at issue, including those that were in the personal names of the Gagliardis. Exhibit E supports this fact.

16. On July 14, 2004, the Gagliardis went to Italy. Exhibit M supports this fact.

17. On August 29, 2004, the Gagliardis returned from Italy to the United States. Exhibit M supports this fact.

18. On September 10, 2004, the Gagliardis gave Calo Agostino, PC power of attorney to represent them in their tax matters. Exhibit F supports this fact.

19. On December 9, 2004, the IRS disallowed the Gagliardis' claim for refund. Exhibit D supports this fact.

20. On July 14, 2004, Mr. Goodman signed the IRS Form 870 Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment. Exhibit I supports this fact.

21. Mr. Goodman agreed to the fraud penalty without the Gaglairdis' knowledge or consent. Roberto and Maria Gagliardi will testify to this fact and Exhibits J and K support this fact.

22. Mr. Goodman's agreement to the civil fraud penalty and his signing of the IRS form 4549 on July 14, 2004 is not binding in the current proceedings. Exhibit O supports this fact.