IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-799 T

(Judge Christine O.C. Miller)

ROBERTO GAGLIARDI AND MARIA L. GAGLIARDI,

Plaintiffs,

v.

THE UNITED STATES,

Defendant,

**DEFENDANT'S APPLICATION FOR AUTHORIZATION TO SERVE SUBPOENAS AT LOCATIONS MORE THAN 100 MILES FROM THE PLACE OF TRIAL**

Pursuant to Rule 45(b)(2) of the Rules of the U.S. Court of Federal Claims ("RCFC"), the United States applies to this Court for authorization to serve two subpoenas at locations more than 100 miles from the place of trial.

By order of November 30, 2007, the Court scheduled trial to begin in this case on March 3, 2008, at the Howard T. Markey National Courts Building in Washington, D.C. At trial, the United States wishes to offer the live testimony of Lawrence Goodman and Carole Downey, both Mr. Goodman and Ms. Downey are identified as witnesses in this case. Mr. Goodman is the certified public accountant who prepared plaintiffs' tax returns for the years at issue and represented plaintiffs during their examination by the Internal Revenue Service. Mr. Goodman resides and works in New Jersey. Ms. Downey was the bookkeeper for the plaintiffs' dental

practice during 2000 and part of 2001. She prepared the books and records for each of plaintiffs' dental offices. Ms. Downey resides and works in Arizona. Accordingly, the Court's authorization is necessary in order to serve subpoenas upon Mr. Goodman and Ms. Downey, both of whom reside and work more than 100 miles from the place of trial.[1]

Mr. Goodman and Ms. Downey's live testimony will substantially aid the Court in the discharge of its obligations to make findings of fact. *See* RCFC 52 ("[D]ue regard shall be given to the opportunity of the trial court to judge . . . the credibility of the witness."). At issue in the present case are civil fraud penalties, and the United States anticipates that the Court will be presented with conflicting accounts of events, which conflicts can only be resolved through credibility determinations. *See Stout v. Merit Sys. Prot. Bd.*, 389 F.3d 1233, 1241 (Fed. Cir. 2004) (Michel, J.) ("Given the direct conflict particularly between Mrs. Stout and Blaikie over whether in October the latter transmitted a copy of the removal letter to the former, we cannot see how the [tribunal] could resolve this conflict without live testimony, including cross-examination, of both persons to assess demeanor credibility.").

Based upon the foregoing, the United States requests that the Court issue an order authorizing the service upon Lawrence Goodman and Carole Downey, at a place more than 100 miles from the place of trial, of subpoenas commanding their appearance to testify at trial in this case. *See* RCFC 45(b)(2).

---

[1] "[A] subpoena may be served at any place that is within 100 miles of the place of the . . . trial . . . specified in the subpoena, but the court upon proper application and good cause shown may authorize the service of a subpoena at any other place." RCFC 45(b)(2); *see also* 28 U.S.C. 2521(a) ("Subpoenas requiring the attendance of . . . witnesses . . . may be issued . . . for use . . . as evidence in accordance with the rules and orders of the court. Such subpoenas shall be issued and served and compliance therewith shall be compelled as provided in the rules and orders of the court.").

Respectfully submitted,

s/Jennifer Dover Spriggs
JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0840

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
G. ROBSON STEWART
Reviewer
RICHARD H. BOWLES
Trial Attorney

s/G. Robson Stewart

Of Counsel

February 14, 2008