IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-799 T

(Judge Christine O.C. Miller)

ROBERTO GAGLIARDI AND MARIA L. GAGLIARDI,

Plaintiffs

v.

THE UNITED STATES,

Defendant

DEFENDANT'S RESPONSE TO PLAINTIFFS' PROPOSED FINDINGS OF FACT

The United States hereby files its response to Plaintiffs' Proposed Findings of Fact:

1. Mr. Goodman was Maria Gagliardi's father's CPA. Maria Gagliardi will testify to this fact.

**Response**: Defendant agrees with respect to the first sentence. With respect to the second sentence, defendant takes no position as to the substance of Maria Gagliardi's potential testimony.

2. Mr. Goodman was the CPA for Roberto and Maria Gagliardi from the mid-1970s to 2004. Roberto and Maria Gagliardi will testify to this fact.

**Response**: Defendant agrees with respect to the first sentence. With respect to the second sentence, defendant takes no position as to the substance of Roberto and Maria Gagliardi's potential testimony.

3. Roberto Gagliardi is a dentist. Roberto Gagliardi will testify to this fact

**Response**: Defendant agrees with respect to the first sentence. With respect to the second sentence, defendant takes no position as to the substance of Roberto Gagliardi's potential testimony.

4. Maria Gagliardi is a homemaker. Maria Gagliardi will testify to this fact.

**Response**: Defendant agrees with respect to the first sentence, except avers that Maria Gagliardi was a foreign exchange teller for a bank and beginning in 1991 she helped her husband with bookkeeping at his Union City dental office. With respect to the second sentence, defendant takes no position as to the substance of Maria Gagliardi's potential testimony.

5. Mr. Goodman is a licensed Certified Public Accountant in the state of New Jersey.

Exhibits G, H, and J support this fact.

**Response**: Defendant agrees, except avers that Mr. Goodman is also licensed in the State of New York.

6. Mr. Goodman recommended and performed all the due diligence necessary for the purchase of two of Roberto Gagliardi's dental practices. Roberto Gagliardi will testify to this fact.

**Response**: Defendant disagrees with respect to the first sentence. With respect to the second sentence, defendant takes no position as to the substance of Roberto Gagliardi's potential testimony.

7. Beginning in or about 2001, Mr. Goodman's professional office was located in the same building as Mr. Gagliardi's dental practice. Roberto Gagliardi will testify to this fact, and Exhibit N supports this fact.

**Response**: With respect to the first sentence, agrees that during the 2001 tax year plaintiffs' Restorative Dentistry practice was located in the same building in which Mr. Goodman also had a professional practice, disagree that during 2001, the Union City dental practice was located in the same building in which Mr. Goodman had an office. With respect to the second sentence, defendant takes no position as to the substance of Roberto Gagliardi's potential testimony and agrees that Exhibit N only supports the fact that plaintiffs' Restorative Dentistry practice was in the same building as Mr. Goodman's office during 2001.

8. Mr. Goodman prepared and signed the Plaintiffs' 2000 and 2001 tax returns. Exhibits A and B support this fact.

**Response**: Defendant agrees.

9. Mr. Goodman represented the Gagliardis before the IRS. Exhibits G, H, and J support this fact.

**Response**: Defendant agrees.

10. Mr. Gagliardi made both business and personal deposits into the Gagliardis' bank accounts. Roberto Gagliardi will testify to this fact.

**Response**: Defendant agrees with respect to the first sentence. With respect to the second sentence, defendant takes no position as to the substance of Roberto Gagliardi's potential testimony.

11. Mary Wieme was the Revenue Agent assigned to the Gagliardis' audit. Exhibit E supports this fact

**Response**: Defendant agrees.

12. Mary Wieme never spoke directly to the Gagliardis at any point during the audit.

**Response**: Defendant agrees that Mary Wieme had no direct oral communication with plaintiffs during the audit since the IRS accepted plaintiffs' Form 2848 designating a power of attorney. Defendant disagrees that Mary Wieme never had any direct written communication with plaintiffs during the audit. Mary Wieme mailed reports on June 16, 18, 22, and July 7, 2004, to Roberto Gagliardi with a copy under separate cover to Maria Gagliardi. The referenced reports were sent directly to plaintiffs during the audit and each reported a civil fraud penalty.

13. No IRS employee spoke directly to the Gagliardis at any point during the audit. Roberto and Maria Gagliardi will testify to this fact. Exhibit C supports this fact.

**Response**: Defendant agrees with the first sentence, except avers that the IRS had no direct oral communication with plaintiffs during the audit because the IRS accepted plaintiffs' Form 2848 designating a power of attorney. IRS employees did have direct written communication with plaintiffs during the audit. The IRS mailed reports on June 16, 18, 22, and

July 7, 2004, to Roberto Gagliardi with a copy under separate cover to Maria Gagliardi. The referenced reports were sent directly to plaintiffs during the audit and each reported a civil fraud penalty. With respect to the second sentence, defendant takes no position as to the substance of Roberto and Maria Gagliardi's potential testimony. With respect to the third sentence, defendant disgrees that Exhibit C is probative evidence of the facts alleged.

14. Mr. Goodman signed the IRS form 872 and agreed to extend the period for assessing additional taxes against the Plaintiffs for tax year 2000 until December 31, 2004.
Exhibit L supports this fact. Exhibit C supports this fact.

**Response**: Defendant agrees, except avers that Exhibit C is not probative evidence of the facts alleged.

15. The IRS reviewed deposit slips of all bank accounts at issue, including those that were in the personal names of the Gagliardis. Exhibit E supports this fact.

**Response**: Defendant agrees.

16. On July 14, 2004, the Gagliardis went to Italy. Exhibit M supports this fact.

**Response**: Defendant agrees.

17. On August 29, 2004, the Gagliardis returned from Italy to the United States. Exhibit M supports this fact.

**Response**: Defendant agrees.

18. On September 10, 2004, the Gagliardis gave Calo Agostino, PC power of attorney to represent them in their tax matters. Exhibit F supports this fact.

**Response**: Defendant agrees.

19. On December 9, 2004, the IRS disallowed the Gagliardis' claim for refund. Exhibit D supports this fact.

**Response**: Defendant agrees, except avers that on June 1, 2005, the Internal Revenue Service also sent a letter by certified mail to plaintiffs disallowing their claim for refund for the 2000 tax year.

20. On July 14, 2004, Mr. Goodman signed the IRS Form 870 Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment. Exhibit I supports this fact.

**Response**: Defendant agrees.

21. Mr. Goodman agreed to the fraud penalty without the Gaglairdis' knowledge or consent. Roberto and Maria Gagliardi will testify to this fact and Exhibits J and K support this fact.

**Response**: Defendant disagrees with respect to the first sentence. With respect to the second sentence, defendant takes no position as to the substance of Roberto Gagliardi's potential testimony and disagrees that Exhibit J and K are probative evidence of the facts alleged.

22. Mr. Goodman's agreement to the civil fraud penalty and his signing of the IRS form 4549 on July 14, 2004 is not binding in the current proceedings. Exhibit O supports this fact.

**Response**: Defendant disagrees with respect to the first sentence and avers that Mr. Goodman signed Form 4549 on plaintiffs' behalf pursuant to the authority plaintiffs' granted him

in the Form 2848 designating a power of attorney. With respect to the second sentence, disagrees that Exhibit O is probative evidence of the facts alleged.

Respectfully submitted,

s/Jennifer Dover Spriggs
JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0840

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
G. ROBSON STEWART
Reviewer

s/G. ROBSON STEWART
Of Counsel

February 29, 2008